COLGATE, ADMINISTRATOR, *v.* UNITED STATES.

No. 74.   Jurisdictional Statement Submitted October 14, 1929.—
Decided November 4, 1929.

See *post,* p. 553.

*Messrs. George A. King, Louis Titus,* and *C. Bascom Slemp* for Colgate.

*Solicitor General Hughes* and *Assistant Attorney General Galloway* for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The judgment of the Court of Claims, now under consideration, was given on a claim against the United States for alleged patent infringement, and was entered on February 4, 1929. A petition for certiorari seeking review in this Court was filed May 1, 1929, and was denied on October 14, 1929. The Government contends that both methods of review, either by appeal or certiorari, in this Court are now without avail.

The claim was referred by the Senate to the Court of Claims for an advisory finding and report of the material facts. A hearing was had in the Court of Claims and it reported its findings on the questions of fact. Thereafter the Court of Claims re-heard the case under a special Jurisdictional Act of Congress approved March 3, 1927, (44 Stat. c. 408, Part 3, p. 1807,) which read as follows:

" That the findings of fact made by the Court of Claims in the case of Arthur E. Colgate, administrator of the estate of Clinton G. Colgate, deceased, against the United States, Congressional, Numbered 6063, Senate Document Numbered 703, Sixty-fourth Congress, second session, be, and they are hereby, referred back to the Court of Claims with jurisdiction to render such judgment as the findings of fact heretofore found and the law require: *Provided,* That either party hereto may appeal to the Supreme Court of the United States upon or from any conclusion of law or judgment, from which appeals now lie in other cases, at any time within ninety days after the rendition of judgment: *Provided further,* That the amount of any

such judgment shall not exceed the sum of $50,000: *And provided further*, That such notice hereof shall be given to the Attorney General of the United States as may be provided by orders of said court, and it shall be the duty of the Attorney General to cause one of his assistants to appear and defend for the United States."

Judgment for the Government in the re-heard case was given by the Court of Claims on February 4, 1929, based on a letter to the Commissioner of Patents under date of January 15, 1851, from Simpson, the then owner, specifically abandoning the application for the patent.

On April 23, 1929, Arthur Colgate, as administrator of Clinton Colgate, in pursuance of the Special Act, filed an application in the Court of Claims for the allowance of an appeal to this Court from the adverse judgment, and appeal was allowed by the Court of Claims on April 26, 1929. The appeal was docketed in this Court May 1, 1929, and on the same day a petition for a writ of certiorari was filed on the record in the appeal case. The petition for certiorari, as already said, was denied by us October 14th last. The case is now before us for consideration of the question of our jurisdiction upon the appeal.

We think the proper construction to be put upon this Special Act is that the review provided for was a petition for certiorari. One of the chief purposes of the General Act of February 13, 1925, ch. 229, 43 Stat. 936, was to abolish appeals from the Court of Claims to this Court and substitute therefor applications for writs of certiorari. The language of the Special Act is that "either party hereto may appeal to the Supreme Court of the United States upon or from any conclusion of law or judgment *from which appeals now lie in other cases.*" At the time of the passage of that Act, no appeals generally "lay in other cases" from the Court of Claims to this Court, and do not now. It was evidently intended by the Act of 1925 to make the method of review by this Court of judg-

ments of the Court of Claims, uniform. It was intended by the Act of 1925 to give this Court an opportunity to determine in advance whether the case was one worthy of review here. To hold that the case may come here only by certiorari is to make it conform to the general purpose of the Act of February 13, 1925, in enlarging the use of certiorari as a method of review in this Court. To describe appeals as from judgments "from which appeals now lie in other cases" is a mistake, unless one gives to the meaning of the word "appeals" something more than a mere technical meaning. If what was intended was an appeal in its technical significance as distinguished from certiorari, different words should have been used to indicate it. Therefore the Special Act must be construed to require that the review intended was the usual method of review at the date of the Special Act, which is and was by application for a writ of certiorari.

The case of *Sisseton and Wahpeton Band of Sioux Indians* v. *United States,* 277 U. S. 424, does not control the present case. That case had reference to another special act, granting the appellants one year from the date of the Act within which to appeal, and it was held to confer the right of appeal as distinguished from the right to petition for certiorari. That special act was approved March 4, 1927, (c. 522, 44 Stat., Part 3, p. 1847,) and its purpose was to revive a right to appeal to this Court given to the same appellants by the Act of April 11, 1916, (39 Stat. 47, c. 63,) but of which appellants had failed to avail themselves within the time limited therefor. Since Congress, by the 1927 Act, was merely extending the period for the exercise of a right conferred in 1916, the term "appeal," contained in the statute, was naturally construed with reference to its meaning at the time the right to it was originally granted. That was granted nearly nine years before the Act of February 13, 1925, changed the mode of

appellate review of judgments of the Court of Claims from a technical "appeal" to a petition for writ of certiorari.

These provisions with respect to special review of cases from the Court of Claims should be carefully construed. They are generally embodied in exceptional legislation considered by other committees than the judiciary committees, not especially advised as to the importance of uniformity in respect to such exceptions. It should therefore, be clear, if a departure from the ordinary methods of limitation of review is intended by Congress, that the language should leave no doubt about it.

The history of the legislation and the language used show that the reference to appeals in the Special Act now before us finds its counterpart in other Acts having the same purpose. The language is that "either party hereto may appeal to the Supreme Court of the United States upon or from any conclusion of law or judgment from which appeals now lie in other cases." Acts of this kind, although speaking of "appeals," show what is intended by the phrase, "as in other cases." The list of the later Acts in legislation of this kind, after the passage of the Act of February 13, 1925, is as follows:

Act of March 3, 1925, (c. 459, 43 Stat. 1133, 1134,) Kansas or Kaw Indians:

"From the decision of the Court of Claims . . . an appeal may be taken by either party *as in other cases* to the Supreme Court of the United States."

Act of May 14, 1926, (c. 300, 44 Stat. 555,) Chippewas of Minnesota:

"With the right of appeal to the Supreme Court of the United States by either party *as in other cases.*"

Act of July 2, 1926, (c. 724, 44 Stat. 801,) Citizen Band of Pottawatomies:

"With the right of appeal to the Supreme Court of the United States by either party *as in other cases.*"

Act of December 17, 1928, (c. 36, 45 Stat. 1027,) Winnebago tribe:

"With the right of appeal to the Supreme Court of the United States by either party *as in other cases.*"

Act of February 28, 1929, (c. 377, 45 Stat. 1407,) Shoshone tribe:

"That from the decision of the Court of Claims in any suit prosecuted under the authority of this Act an appeal may be taken by either party, *as in other cases,* to the Supreme Court of the United States."

Act of July 3, 1926, (c. 734, 44 Stat. 807,) Crow Indians:

"With right of appeal to the Supreme Court of the United States by either party."

Act of March 2, 1927, (c. 250, 44 Stat. 1263,) Assiniboine Indians:

"With right of appeal to the Supreme Court of the United States by either party."

Act of March 3, 1927, (c. 302, 44 Stat. 1349,) Shoshone Indians:

"With right of appeal to the Supreme Court of the United States by either party."

Act of May 18, 1928, (c. 624, 45 Stat. 602,) Indians of California:

"With the right of either party to appeal to the Supreme Court of the United States."

Act of February 20, 1929, (c. 275, 45 Stat. 1249,) Nez Perce tribe:

"With the right of appeal by either party to the Supreme Court of the United States."

Act of February 23, 1929, (c. 300, 45 Stat. 1256,) Coos (Kowes) Bay, Lower Umpqua and Siuslaw tribes:

"And the right of appeal to the Supreme Court of the United States is hereby granted to both parties."

Here are included five instances in which the expression used describing the appeal is as one which would "lie in

other cases," and the whole course of the legislation indicates a desire that the same appellate review should be given as in other cases. We think that this customary language requires the uniform use of the writ of certiorari in order to secure that which a certiorari gives—a preliminary examination of proceedings by this Court before review. Unless a special reason in the Act providing for appellate review indicates that the review is to be by technical appeal rather than by the ordinary method of certiorari, the latter method is the right one. This must lead to the dismissal of the present appeal.

*Appeal. dismissed.*