William Woods **PLANKINTON**, Plaintiff-Appellee

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 12535.

United States Court of Appeals
Seventh Circuit.

June 1, 1959.

Charles K. Rice, Asst. Atty. Gen., George W. Beatty, Lee A. Jackson, I. Henry Kutz, Attys., Department of Justice, Washington, D. C., Francis L. McElligott, Asst. U. S. Atty., Edward G. Minor, U. S. Atty., Milwaukee, Wis., for appellant.

Brooke Tibbs, Howard H. Boyle, Jr., Milwaukee, Wis., for appellee.

Before SCHNACKENBERG, PARKINSON and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This is an action upon a claim for refund of income tax overpayments. William Woods Plankinton, plaintiff-appellee, recovered judgment in the District Court against the United States of America in the amount of $3,447.73 for the year 1949 and $18,041.56 for the year 1950, plus interest, subject to a setoff of $305.14. The Government appealed. The parties will be referred to as taxpayer and Government.

The facts were stipulated. The taxpayer filed quarterly declarations of his estimated individual income tax, and remitted payments of the estimated tax for the year 1949 in March, June, and September of 1949, and in January, 1950.

He was granted an extension and did not file his final return or make final payment of the tax until June, 1950. A claim for refund for the year 1949 was filed in May, 1953.

For the year 1950, taxpayer similarly filed quarterly declarations of his estimated tax and remitted estimated tax payments in March, June, and September of 1950, and in January, 1951. He was granted another extension for that year, and filed his final return and made final payment of the tax in September, 1951. A claim for refund for the year 1950 was filed in July, 1954.

For both years, the Government allowed the claimed refunds in part. In each instance, the amount refunded was limited to the amount of the payment accompanying the final return, on the ground that a refund of the balance overpaid was barred by Section 322(b) (2) (A) of the 1939 Code, 26 U.S.C.A. § 322(b) (2) (A), because the earlier remittances had been made more than three years before the refund claim was filed. The Government allowed $8,104.67 of the amount claimed for the year 1949 and $10,236.95 of the amount claimed for the year 1950. Taxpayer brought suit to recover the claimed but disallowed balance of $3,447.73 for the year 1949 and $18,041.56 for 1950. A setoff of $305.14 for interest erroneously paid the taxpayer was conceded by him. The District Court found for the taxpayer. There is no dispute as to the amounts involved. The overpayments are admitted.

The Government contends that Sections 322(b) (2) (A) and (e) of the Internal Revenue Code of 1939 preclude recovery by the taxpayer and that the judgment of the District Court should be reversed with directions to dismiss the complaint and enter judgment for the Government on its counterclaim for $305.14.

The sole issue for determination is whether the provisions of the Internal Revenue Code of 1939, as amended, preclude a refund or recovery of amounts in excess of the payment remitted with the final return for each year, the re-

maining portion of the overpayment in each instance having been remitted as estimated tax more than three years before the filing of the respective claims for refund.

The quarterly remittances for each of the years in question were made pursuant to the requirements of Section 59 of the Internal Revenue Code which was added by the Current Tax Payment Act of 1943 (26 U.S.C.A. § 59). Section 59(d) contains the provision that:

> "Payment of the estimated tax, or any installment thereof, shall be considered payment on account of the tax for the taxable year."

Section 322(b) (2) (A) of the Internal Revenue Code of 1939 (26 U.S.C.A. § 322) provides that the amount of refund of an overpayment:

> "shall not exceed the portion of the tax paid * * * during the three years immediately preceding the filing of the claim",

and Section 322(e) of said Code provides:

> " * * * For the purposes of this section, any amount paid as estimated tax for any taxable year shall be deemed to have been paid not earlier than the fifteenth day of the third month following the close of such taxable year."

■ The Government concedes that generally remittances made prior to the time the taxpayer's liability is defined do not constitute "payment" of a tax for the purpose of commencing the limitation period on refund claims. It recognizes that such is the holding of Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535; Thomas v. Mercantile Nat. Bank, 5 Cir., 204 F.2d 943; United States v. Dubuque Packing Co., 8 Cir., 233 F.2d 453; Budd Co. v. United States, 3 Cir., 252 F.2d 456; Atlantic Mutual Insurance Co. v. McMahon, D.C. S.D.N.Y.1957, 153 F.Supp. 48. The Government contends, however, that the rule established by these decisions has no application because Congress by the pro-

visions of Section 322(e) of the Code has provided otherwise in the case of estimated tax remittances made in conformity with the requirements of Section 59. It regards Section 322(e) as establishing March 15 of each year as the date of "payment" insofar as amounts remitted as estimated tax for the preceding calendar tax year are concerned.

The taxpayer relies on the general rule established by the cases to which reference has been made as sustaining the judgment of the District Court and contends that Section 322(e) does not have the effect of specifying a particular date on which remittances on account of estimated tax become "tax paid" within the meaning of Section 322(b) (2) (A).

■ Congress in the enactment of Section 59(d) of the Current Tax Payment Act specifically characterized remittances of estimated tax as payments "on account" of the tax for the taxable year i. e. a remittance on a liability not as yet finally defined or determined. Nothing in the language employed in Section 59(d) or the context in which it is found is indicative of any intention on the part of Congress to make such remittances "tax paid" for the purpose of measuring a limitation on refunds. Such limitations are the subject matter of a different enactment. Nor, in our opinion, does the provision of Section 322(e) of the Code that remittance of the estimated tax for a taxable year shall be deemed to have been paid "not earlier" than the fifteenth day of the third month following the close of such taxable year have the effect of establishing that date as the date of payment for commencing the limitation period for refund purposes where, as in the instant case, the time at which the taxpayer's liability is to be defined and determined has been extended in conformity with other provisions of the law. The words of the statute are plain. They do not purport to establish a specific and conclusive date on which payment of tax for the purposes of Section 322(b) (2) (A) shall

be deemed to have occurred. Such a construction would not be in accord with the natural import of the words used nor does it appear necessary to carry out the plan or objective of the Congress in making the provisions for refund.

We believe that if recourse to legislative history is at all proper or necessary the phrase "not earlier than" as used in Section 322(e) was not intended to fix a definite or specific date. Section 322 (e) was originally added to the Code in 1942. Its subject matter then related solely to taxes withheld. As so originally enacted, Section 322(e) provided that any tax withheld:

"shall, in respect of the recipient of the income, be deemed to have been paid by him on the fifteenth day of the third month following the close of his taxable year in which such tax was so withheld and collected."

When the Current Tax Payment Act of 1943 was enacted the word "on", originally in the statute, was deliberately changed by Congress to the phrase "not earlier than" and the same phraseology was inserted in connection with remittances of estimated tax. This deliberate selection of language so different from that used in the earlier act indicates that a change of law was intended. Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 74 L.Ed. 157. As amended, the section uses "not earlier than" with regard to estimated tax and to withholding tax as well.

The interpretation of Section 322(e) contended for by the Government would, in effect, impose a penalty upon the taxpayer who files a return pursuant to a duly granted extension by establishing a period of limitations on amounts recoverable as refunds shorter in time than for taxpayers who file prior to, or on the statutory date. The statute should not be given such effect unless the clear mandate of its language necessitates such a conclusion. In our opinion it does not. The judgment of the District Court is therefore

Affirmed.