**CHEMICAL BANK NEW YORK TRUST COMPANY, Mary W. Fox and Lucy T. Wormhoudt, Co-Executors of the Estate of Odell D. Tompkins, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 65 Civ. 2035.**

United States District Court
S. D. New York.
April 26, 1967.

Bernays & Eisner, New York City, for plaintiffs; Robert A. Klipstein, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by Irwin B. Robins, Asst. U. S. Atty., New York City, for defendant.

MANSFIELD, District Judge.

In this action by taxpayer's estate against the Government for refund of income taxes paid by the taxpayer totalling $6,610.93 plus interest, the parties have cross-moved for summary judgment pursuant to Rule 56, F.R.Civ.P. Jurisdiction is premised on Title 28 U.S. C. § 1346(a) (1). Disposition of the motions requires a determination as to the time when the tax was deemed "paid" within the meaning of Title 26 U.S.C. § 6511, which limits the time within which a refund or credit claim may be filed. We hold that the refund claim was barred for the reason that it was not filed within the prescribed statutory period.

**28**

The facts are not in dispute. Plaintiffs are coexecutors of the estate of Odell D. Tompkins ("taxpayer" herein) who, in April, June and September 1957, and in January 1958, remitted to the District Director of Internal Revenue amounts totalling $6,610.93 as his estimated income tax for the year 1957. The taxpayer, however, did not file income tax returns for the taxable years 1957–60 until August 29, 1962, at which time returns for those years were filed, as well as Declarations of Estimated Income Tax for the years 1958–60. These returns showed there was no tax liability for each year from 1957 to 1960 inclusive. In the returns for 1957–59, and in the Declarations of Estimated Tax for 1958–60, the estimated income tax remittance of $6,610.93 was carried over and credited to the respective following year's income tax liability. On August 29, 1962, upon filing the aforementioned returns, the taxpayer claimed on line 20(b) a refund of the $6,610.93.

The applicable limits on the time within which such refund claims may be filed, and on the amount that may be allowed, are those prescribed by § 6511,[1] which provides (subsection (a)) that a claim for a refund must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later * * *"; and (subsection (b)) that the amount of the refund shall not exceed the portion of "the tax paid" within the 3-year period prior to filing, or if the claim was not filed within the 3-year period, the amount of the refund shall not exceed the portion of "the tax paid" during the two years immediately preceding the filing of the claim.

■ Since the taxpayer's remittances of his estimated 1957 taxes were made in 1957 and in January 1958, which was more than three years prior to his filing of his 1957 return and of his claim for a refund, it becomes important to determine the date when the tax for the year 1957 was "paid" within the meaning of the above statute of limitations. This question is answered by § 6513(b), which provides:

"* * * For purposes of section 6511 * * *, [a]ny amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return)."

The last day prescribed for filing individual tax returns for the year 1957

1. "§ 6511. *Limitations on credit or refund*

"(a) *Period of limitation on filing claim.*—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *

"(b) *Limitation on allowance of credits and refunds.*—

"(1) *Filing of claim within prescribed period.*—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

"(2) *Limit on amount of credit or refund.*—

"(A) *Limit where claim filed within 3-year period.*—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

"(B) *Limit where claim not filed within 3-year period.*—If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim."

(without regard to any extension of time) was April 15, 1958. Since the tax was deemed "paid" on April 15, 1958, which was more than 3 years prior to the filing of the taxpayer's claim for a refund of that tax, the latter claim is barred by the express provisions of § 6511 referred to above.

Plaintiff urges that § 6513(b), notwithstanding its plain language, does not fix the date when a taxpayer's income tax is deemed paid. He contends that remittances of estimated taxes are merely payments "on account", in the nature of deposits in escrow, and that no payment of the tax here could be deemed to have been paid until the filing in 1962 of his return for the year 1957, for the reason that this was the first time when his obligation with respect to the amount of his 1957 taxes was fixed. In support of this position plaintiff relies upon Plankinton v. United States, 267 F.2d 278 (7th Cir. 1959); Schmidt v. Commissioner, 272 F.2d 423 (9th Cir. 1959); and Trevelyan v. United States, 219 F. Supp. 716 (D.Conn.1963) (But see to contrary United States v. Miller, 315 F.2d 354 (10th Cir.), cert. denied, 375 U.S. 824, 84 S.Ct. 64, 11 L.Ed.2d 57 (1963)). The decisions relied upon by the taxpayer, however, have no application here for the reason that they turned upon language of § 322(e) of the 1939 Code, which governed there, rather than the language of § 6513(b) of the 1954 Code, which controls here. Although § 6513(b) was based upon § 322(e) of the 1939 Code, Congress, in passing § 6513(b), made changes in the language of the statute that are all-important in the present case.

Section-322(e) of the 1939 Code [2] provided that amounts paid as an estimated tax for any taxable year should "be deemed to have been paid *not earlier than* the fifteenth day of the third month following the close of such taxable year" (emphasis added). In view of its use of the ambiguous and equivocal words "not earlier than", the courts refused to give this earlier statute the effect of deeming payment to have been made on the due date for the tax return, especially where the taxpayers had obtained formal or informal extensions of time within which to file their returns, which would result in a harsh penalty on such taxpayers if the statute were to be construed as urged by the Government. As the court pointed out in *Plankinton,* a contrary decision would

" * * * in effect, impose a penalty upon the taxpayer who files a return pursuant to a duly granted extension by establishing a period of limitations on amounts recoverable as refunds shorter in time than for taxpayers who file prior to, or on the statutory date. *The statute should not be given such effect unless the clear mandate of its language necessitates such a conclusion.* In our opinion it does not. * * *" (Emphasis added)

In 1954, however, Congress changed the language of the statute to substitute for the above uncertain language of § 322(e), the plain, precise, and unequivocal mandate of § 6513(b) to the effect that the tax shall be deemed to have been paid *on* the last day prescribed for filing the return" for such taxable year *"without regard to any extension of time for filing such return"* (emphasis added). The substitution of such clear language, which must be read literally, Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457 (1929), re-

---

2. "§ 322. *Refunds and credits*

 * * * * *

"(e) *Presumption as to date of payment.* For the purposes of this section, any tax actually deducted and withheld at the source during any calendar year under Subchapter D of Chapter 9 shall, in respect of the recipient of the income, be deemed to have been paid by him not earlier than the fifteenth day of the third month following the close of his taxable year with respect to which such tax is allowable as a credit under section 35. For the purposes of this section, any amount paid as estimated tax for any taxable year shall be deemed to have been paid not earlier than the fifteenth day of the third month following the close of such taxable year."

moves any doubt about the fact that the period of limitations in the present case started running on April 15, 1958, which was the last day prescribed for filing the taxpayer's return for the year 1957. The statute expressly states that it was enacted by Congress "For purposes of section 6511" (which section limits the time within which an application for refund may be made); and the use of the word "on" in lieu of "not earlier than" fixes the date of payment beyond question. Section 6513(b) does not, as the taxpayer suggests, refer merely to a remittance of estimated income tax as a kind of deposit in escrow. It provides that on the date prescribed for filing the taxpayer's return, such remittances shall constitute payment of the tax itself. This is evidenced not only by the heading of the section, entitled "*§ 6513. Time return deemed filed and tax considered paid*", but also by its specific reference to § 6511, which deals with payment of tax, as distinguished from remittances of estimated tax.[3] Furthermore, the absence of tax liability for the year in respect of which payment was made does not affect the status of the remittances as payments of tax under the 1954 Code, § 6401(c) of which provides:

"An amount paid as tax shall not be considered not to constitute an overpayment solely by reason of the fact that there was no tax liability in respect of which such amount was paid."

Plaintiffs next contend that even if the tax for the year 1957 must be deemed paid on April 15, 1958 (as required by §§ 6511 and 6513(b)), they are entitled to relief under § 6513(d) and Reg. § 301.6513–1(d).[4] These provide that if an overpayment of income tax is claimed as a credit against estimated tax for the succeeding year, the amount so credited shall be considered a payment of income tax for such succeeding taxable year, whether or not claimed as a credit on the estimated tax return. Reg. § 301.6513–1(d) further provides that if such credit is treated as payment of tax for the succeeding taxable year and results in an overpayment for that year "the period of limitations applicable to such overpayment is determined by reference to that taxable year"

3. The fact that the Senate Report on the 1954 amendment to § 322(e) U.S.Code Congressional and Administrative News, p. 5236 states that it "corresponds to existing law in that the presumptive date of payment is the due date of the corporation or individual income tax return" does not, as the taxpayer here suggests, indicate that Congress intended to make no change in the substance of § 322 (e). The term "corresponds to" is a relative one. Congress did change the plain language of the statute, and further provided that extensions of time would not change the date of payment. It is therefore unnecessary for us to speculate as to what Congress believed to be the force and effect of the language of § 322 (e) before it was amended. We are governed by the plain language of the amendment, read literally. Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 74 L.Ed. 457 (1929).

4. § 6513(d): "*Overpayment of income tax credited to estimated tax.*—If any overpayment of income tax is, in accordance with section 6402(b), claimed as a credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the succeeding taxable year (whether or not claimed as a credit in the return of estimated tax for such succeeding taxable year), and no claim for credit or refund of such overpayment shall be allowed for the taxable year in which the overpayment arises." Reg. § 301.6513–1(d): "If a taxpayer elects under the provisions of section 6402(b) to credit an overpayment of income tax for a taxable year against estimated tax for the succeeding taxable year, the amount so credited shall be considered a payment of income tax for such succeeding taxable year (whether or not claimed as a credit on the estimated tax return for such succeeding taxable year). If the treatment of such amount as a payment of income tax for the succeeding taxable year results in an overpayment for such succeeding taxable year, the period of limitations applicable to such overpayment is determined by reference to that taxable year. An election so to credit an overpayment of income tax precludes the allowance of a claim for credit or refund of such overpayment for the taxable year in which the overpayment arises."

Plaintiffs claim that the foregoing statute and regulation enabled them, on August 29, 1962, to file returns for the years 1957 to 1959 in which they credited the taxpayer's 1957 overpayment to each succeeding year with the result that, according to plaintiffs' interpretation of the statute and regulation, the 1957 overpayment would be deemed to have been made on April 15, 1961, which would entitle it to be the subject of the claim for refund filed on August 29, 1962, for the reason that the payment would be deemed to have been made within 3 years prior thereto. This rather ingenious, bootstrap-type argument overlooks the fact that a fundamental prerequisite for invoking § 6513(d) is that the claim for credit must have been asserted within the period fixed by the statute. Reg. 301.-6402–2(a) (1) provides:

"Credits or refunds of overpayments may not be allowed or made after the expiration of the statutory period of limitation properly applicable unless, before the expiration of such period, a claim therefor has been filed by the taxpayer."

■ The foregoing language makes it clear that an overpayment may not be credited against estimated tax for the following year and be deemed to have been paid in the following year for the purpose of the statute of limitations unless the claim for credit itself is asserted within the statutory period. Section 6511(b) (2) (A) provides that a claim for credit for an overpayment of tax may not be asserted for an overpayment which was paid more than 3 years prior to the claim. Plaintiffs' attempt to credit the 1957 overpayment to succeeding years was therefore untimely. Any other result would lead to a complete emasculation of the statute of limitations. See Hansen-Sturm v. United States, 2 Cir., 201 F.Supp. 392 (S.D.N.Y. 1962).

■ Plaintiffs further argue that since the Government was allowed to assess a deficiency against the taxpayer during the 3-year period subsequent to August 29, 1962, the doctrine of mutuality of obligation dictates that the taxpayer should have the same period of time within which to claim a refund. The essence of this argument is that it is unfair and inequitable to grant the Government time within which to assess a deficiency without granting the taxpayer equal time. In view of the unambiguous language of the statutes here involved, however, this argument should be addressed to Congress, not to the Court. Senger v. United States, 245 F.Supp. 109 (D.Del.1965), relied upon by plaintiffs, has no application to the facts here. It involved an agreement between the taxpayer and the Government extending the period during which the Government might assess a deficiency. Applying the doctrine of mutuality, the court interpreted the contract to require a similar extension of the taxpayer's period for claiming a refund. No such agreement exists in the present case, which is governed by the plain and definite language of §§ 6511 and 6513(b).

■ We are not unmindful of the fact that the effect of applying the foregoing statute of limitations is to work a hardship upon the taxpayer here by denying his estate the recovery of an overpayment that might well have been refunded if a timely application had been made; and that where the language of the statute or extension agreement permits, courts will strain to interpret such language in a way that will avoid hardship upon the taxpayer, as was the case in *Plankinton, Schmidt* and *Trevelyan,* supra. In adopting the plain language of §§ 6511 and 6513(b), however, Congress was undoubtedly aware of the fact that by its very nature a statute of limitations, if it is to achieve its fundamental purpose, may sometimes work hardships. If the time period of the statute here is too short or if the statute is otherwise inequitable, the sole remedy lies with Congress.

Plaintiffs' motion for summary judgment is denied and defendant's cross-motion for summary judgment is granted.

So ordered.