**Allen F. EHLE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 82–4007.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 1983.[*]

Decided Nov. 21, 1983.

* The panel is unanimously of the opinion that oral arguments are not required in this case.

Allen F. Ehle, pro se.

Gilbert S. Rothenberg, William Estabrook, III, Washington, D.C., Michael J. Yamaguchi, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before HUG, PREGERSON, and REINHARDT, Circuit Judges.

**PER CURIAM:**

Ehle appeals from a district court's ruling dismissing his tax refund suit as barred by the statute of limitations. We affirm.

The facts are not in dispute. During 1969–71, $4,655 was withheld from Ehle's wages. Believing he had no tax liability, Ehle did not file tax returns for those years. In 1978, he filed a refund claim for the amounts withheld in 1969–71. After the claim was denied, he filed suit in district court.

Under 26 U.S.C. § 6511(b)(2)(A), Ehle may obtain by refund only those taxes paid within the three previous years. Under 26 U.S.C. § 6513(b)(1), any amount withheld from wages is deemed paid on the April 15th following the close of the tax year. Because Ehle's refund claim was filed more than three years after the amounts withheld in 1969–71 were deemed paid, the claim is barred by section 6511(b)(2)(A).

Ehle contends on appeal that notwithstanding section 6513(b)(1), the amounts withheld were not "paid" within the meaning of section 6511(b)(2)(A) because he intended the amounts withheld to be merely

Fed.R.App.P. 34(a).

deposits, and because he had no tax liability for any of the years in question. We do not agree. All the cases to address the issue have held that section 6513(b) conclusively determines that any amount withheld from wages is for statute of limitations purposes deemed "paid" on the April 15th following the close of the tax year. *See e.g., Binder v. United States,* 590 F.2d 68, 70–71 (3d Cir.1978); *Chemical Bank New York Trust Co. v. United States,* 275 F.Supp. 26, 29–30 (S.D.N.Y.), *aff'd,* 386 F.2d 995 (2d Cir.1967) (adopting the opinion of the district court); *Harvey v. United States,* 47 AFTR 2d 694 (Ct.Cl.1981).

That Ehle may have intended the amounts withheld to be a deposit rather than a payment is irrelevant under the terms of section 6513(b). *See Binder,* 590 F.2d at 70–71; *Chemical Bank,* 275 F.Supp. at 29–30. Whether or not Ehle had any tax liability in 1969–71 also does not affect whether the amounts withheld are deemed payments under section 6513(b)(1). *See id.; Kreiger v. United States,* 539 F.2d 317, 320 (3d Cir.1976).

Ehle's reliance on *Rosenman v. United States,* 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945); *Ford v. United States,* 618 F.2d 357 (5th Cir.1980); and *Atlantic Mut. Ins. Co. v. McMahon,* 153 F.Supp. 48 (S.D.N.Y. 1957) is misplaced. Ehle is correct in noting that those cases held that a transfer of money to the IRS would be deemed a "payment" only when the taxpayer's intent was to make a payment or the IRS had formally assessed the tax. In none of those cases, however, did any statute specify when the transfer would be deemed a payment. Each either arose before section 6513(b)(1) was enacted or involved a payment that was not governed by its terms. The tests created by those cases have been superceded here by the clear language of section 6513(b)(1). *See Chemical Bank,* 275 F.Supp. at 29–30.

AFFIRMED.