### In re Thomas Thornton FARRELL, Debtor.

**Bankruptcy No. 96–02805–6B3.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

March 24, 1997.

Bruce Kaufman, Largo, FL, for debtor.

Laurie K. Weatherford, Winter Park, FL, trustee.

Randy Gold, Orlando, FL, for U.S. Dept. of Treasury, IRS.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Orlando, in said District on December 3 and 18, 1996 and January 21, 1997, before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the Debtor's, Thomas Thornton Farrell, Objection to the Internal Revenue Service's Claim, claim number 1 of two claims filed, (Doc.

19A) filed on October 7, 1996. Appearing before the Court were Bruce G. Kaufman, counsel for the Debtor, Thomas Thornton Farrell; Laurie K. Weatherford, Trustee; and Randy Gold, counsel for United States Department of Treasury, Internal Revenue Service. After reviewing the pleadings, evidence, exhibits, receiving testimony of Thomas Thornton Farrell, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtor, Thomas Thornton Farrell ("Mr.Farrell"), filed a voluntary petition under Chapter 13 on May 3, 1996. 11 U.S.C. § 101 *et seq.* The United States Department of Treasury, Internal Revenue Service ("IRS") filed a Proof of Claim, claim number 1, on June 17, 1996 in the amount of $80,902.43 as unsecured priority claims for the tax years 1991, 1992, 1993, 1994 and 1995. Mr. Farrell did not file returns for the tax years 1991, 1992, 1993, 1994, and 1995 when due.

Mr. Farrell filed the 1991, 1992, 1993, 1994, and 1995 tax returns on June 24, 1996. He filed a Claim for Refund for the tax years 1991, 1992, 1993, and 1994 at the same time. Mr. Farrell filed an Objection to the IRS' claim number 1, based upon the filing of his returns and his entitlement to a refund. The IRS filed an Amended Claim, claim number 2, on October 21, 1996 as a secured claim subject to set-off. Mr. Farrell was entitled to a refund of $17,000.00 for the tax year 1993 and $1,517.00 for 1994. The IRS' Amended Claim, claim number 2, reflects general unsecured claims in the amount of $18,460.20 for 1991 and $20,306.22 for 1992. Taxes for the tax years 1991 and 1992 were paid to the IRS more than three years before he filed his claim for refund. These taxes were paid to the IRS on April 15, 1992 and April 15, 1993 when withheld by his employer.

### CONCLUSIONS OF LAW

The issue before the Court is whether Mr. Farrell is entitled to the tax refunds for 1991 and 1992.

■ Section 6511 of the Internal Revenue Code states with resect to Limitations on credit or refund:

(a) Period of Limitation on filing claim.— Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within two years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

(b)(2) Limit on amount of credit or refund.—

(A) Limit where claim filed within 3–year period.—If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

(B) Limit where claim not filed within 3–year period.—If the claim was not filed within such 3–year period, the amount of credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the claim.

26 U.S.C.A. § 6511. The Debtor filed his claim for refund at the time he filed his 1991 and 1992 tax returns. The applicable lookback period is three years. 26 U.S.C.A. § 6511(a). Mr. Farrell is not entitled to the claim for refund because the 1991 and 1992 taxes were deemed to have been paid April 15, 1992 and April 15, 1993 when withheld by Mr. Farrell's employer. The taxes were paid to the IRS more than three years before he

filed his claim for refund. The Debtor's claim for refund is barred by the Statute of Limitations.

■ Section 6513 of the Internal Revenue Code states the following with respect to when a tax is considered paid:

(b) Prepaid income tax,—For purposes of section 6511 or 6512—

(1) Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deems to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

26 U.S.C.A. § 6513. An amount withheld and permitted is deemed paid on April 15th of the year following the close of the tax year. *Sugro, Inc. v. United States,* 57 F.3d 1081, 1995 WL 365666 (10th Cir.1995); *Weigand v. United States,* 760 F.2d 1072 (10th Cir.1985); *Oropallo v. United States,* 994 F.2d 25 n. 7 (1st Cir.1993). The Debtor's employer withheld taxes for the tax years 1991 and 1992. These taxes were considered paid to the IRS on April 15, 1992 and April 15, 1993. *Ehle v. United States,* 720 F.2d 1096 (9th Cir.1983); *Binder v. United States,* 590 F.2d 68 (3d Cir.1978); *Chemical Bank New York Trust Co. v. United States,* 275 F.Supp. 26 (S.D.N.Y.), aff'd, 386 F.2d 995 (2d Cir.1967).

The Debtor is not entitled to a refund because the claim for refund is barred by the Statute of Limitations. The Debtor did not pay taxes for the tax years at issue within the three years preceding the filing of the claim for refund. The Debtor's objection to the IRS' Claim, claim number 1, is due to be sustained. The IRS' Amended Claim, claim number 2, is due to be allowed as filed.