# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2011

No. 10-60350

Lyle W. Cayce
Clerk

NICHOLAS ACOUSTICS & SPECIALTY COMPANY, INC.,

Plaintiff–Appellant

v.

UNITED STATES OF AMERICA,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before GARWOOD, GARZA, and DENNIS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

This appeal stems from a construction firm's attempt to obtain a refund of federal employment taxes and an abatement of interest and penalties. At issue is whether remittances of employment withholding taxes by Plaintiff-Appellant Nicholas Acoustics & Specialty Company, Inc., ("Nicholas") constitute tax payments or deposits. The classification is important because certain tax payments have a time limitation for refunds. There is no such time limitation, however, for deposits. Nicholas argues its remittances are the latter. The Government argues the remittances are the former. We agree with the Government.

No. 10-60350

I

Between 1999 and 2003, Nicholas, a construction firm, paid employment payroll taxes, but failed to file tax returns for those taxes. When a business files a tax return for employment payroll taxes, the properly executed form automatically constitutes a refund claim.[1] *See* 26 C.F.R. § 301.6402-4. The Internal Revenue Service ("IRS") is legally prohibited, however, from automatically refunding or redistributing overpayments when a taxpayer pays taxes, but fails to file a tax return for same. *See generally* 26 U.S.C. § 6402(a); 26 U.S.C. § 6514(a)(1). During the period in question, Nicholas did not file tax returns nor did it remit funds for the exact amount owed. Rather, the firm estimated the amount due and occasionally overpaid taxes, erroneously assuming that the IRS could apply the overpayment to other quarters in which the firm had underpaid its tax liability.

In 2003, the IRS audited Nicholas due to the firm's failure to file its tax returns. After the audit, Nicholas filed tax returns for the missing quarters, which permitted the IRS to refund overpayments or credit the overpayments to certain quarters in which a deficit had occurred. Because of the statute of limitations, the IRS could only refund or credit Nicholas's overpayments for tax returns due within the past three years. Nicholas still owed taxes for the period in question even after the IRS made the adjustments. The IRS filed a lien against Nicholas, which the firm paid before seeking a refund. In its refund request, Nicholas contended that the shortfall would not have occurred had the IRS applied all of Nicholas's overpayments to future or past quarters rather than transferring the money into an excess collection account. The IRS countered

---

[1] The instructions for employment payroll taxes also state that the IRS may apply an overpayment to future tax returns when a taxpayer has properly executed the tax return, but has failed to properly indicate whether the IRS should refund an overpayment or apply it to a future return. I.R.S. Form 941 (last rev. Jan. 2011).

2

No. 10-60350

that when Nicholas actually filed the refund claims, certain overpayments could not be refunded due to the three-year statute of limitations. *See* 26 U.S.C. § 6511.[2] Nicholas disagreed and sued the IRS in district court, seeking a refund of the lien.

Before the district court, Nicholas argued that the IRS should have classified the tax remittances as deposits akin to a cash bond instead of classifying the remittances as payments. Under IRS regulations, a deposit may be refunded at any time, but a payment is subject to a statute of limitations. *Id.* The district court concluded that as a matter of law, the contested tax remittances constituted payments subject to the three-year statute of limitations and therefore, could not be refunded. The district court rejected Nicholas's remaining arguments and granted summary judgment in favor of the IRS. Dissatisfied, Nicholas appealed.

II

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. *DePree v. Saunders*, 588 F.3d

---

[2] In pertinent part, § 6511(a) states:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

The subsequent sub-section, § 6511(b), places additional time limitations on refunds and essentially creates a second statute of limitations period. §§ 6511(b)(2)(A)–(C). Thus, even when a refund claim is timely filed under § 6511(a), the application of § 6511(b)(2) to such a refund claim "can operate to reduce or eliminate entirely the amount of refund or credit a taxpayer may receive." *Nicholas Acoustics & Specialty Co. v. United States*, 718 F. Supp. 2d 764, 770 (S.D. Miss. 2010).

3

282, 286 (5th Cir. 2009). Summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* at 286 (internal quotations omitted).

Nicholas argues that the district court erred by concluding that the firm's employment tax remittances constituted payments and could not be refunded due to the statute of limitations. The IRS classifies a remittance of taxes as either a payment or a deposit. If a tax remittance is determined to be a deposit, it is treated much like a cash bond, which the IRS simply holds, and a taxpayer may seek a refund of the deposit at any time. *Rosenman v. United States*, 323 U.S. 658, 662–63 (1945). But if a remittance is deemed a payment, the taxpayer may only recover the money by filing "a timely claim for a refund." *Miller v. United States*, No. 99-737 T, 2000 WL 1868947, at *3 (Fed. Cl. Nov. 9, 2000). A remittance that discharges or pays a deemed or assessed tax liability constitutes a payment. *Rosenman*, 332 U.S. at 662. A remittance also constitutes a payment if made under a section of the Internal Revenue Code for which the statute's plain language states that such a remittance is to be "deemed paid." *Deaton v. Commissioner*, 440 F.3d 223, 230 (5th Cir. 2006) (citing *Baral v. United States*, 528 U.S. 431, 434–36 (2000)). In this appeal, the remittances in question involve employment withholding taxes and are governed by 26 U.S.C. § 6513(c)(2).

Section 6513(c) states:

> (1) If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and

> (2) If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid

before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

§§ 6513(c)(1)–(2). Any money remitted to the IRS in connection with § 6513(c)(2), "will be considered to be a *payment of tax* on the last day prescribed for filing the applicable return for the return period." 26 C.F.R. § 31.6302-1(h)(9) (emphasis added). Thus, under this regulation, employment tax remittances constitute payments and refunds of these payments are subject to the three-year statute of limitations of § 6511.

Nicholas argues that the district court erroneously concluded that under *Baral v. United States*, § 6513(c)(2) was a "deemed paid" provision,[3] and that the firm's payments were subject to the refund time limitations of § 6511. *Baral*, 528 U.S. 431 (2000). We disagree with Nicholas. The district court correctly interpreted and applied *Baral* to this case. In *Baral*, the Court considered an individual's refund claim for income tax partially paid through his employer's wage withholding and partially paid through his own remittance of the estimated tax under § 6513(b). The Court held that the tax was paid when the money was remitted, not when the tax was assessed. *Id*. at 435–36. The Court also held that remittances governed by a deemed paid provision "akin to § 6513" constituted payments subject to the look-back period of § 6511. *Id*. at 438 & n.2 ("We need not address the proper treatment under § 6511 of remittances that, unlike withholding and estimated income tax, are not governed by a 'deemed paid' provision akin to § 6513(b).").[4]

---

[3]    A statute constitutes a "deemed paid provision" when the law states when a remittance must be paid and specifies that the remittance is considered a payment.

[4]    Since the Court issued *Baral*, no circuit court has analyzed whether § 6513(c) constitutes a "deemed paid" provision. In cases involving employee withholding taxes under § 6513(b), circuit courts have held that such remittances constitute payments, not deposits. *Oropallo v. United States*, 994 F.2d 25, 27–28 (1st Cir. 1993) (per curiam); *Weigand v. United States*, 760 F.2d 1072, 1074 (10th Cir. 1985); *Ehle v. United States*, 720 F.2d 1096, 1097 (9th Cir. 1983) (per curiam).

No. 10-60350

Here, the district court noted that *Baral*'s analysis specifically pertained to §§ 6513(b)(1) and (2), which govern employee withholding taxes. The district court concluded, however, that *Baral*'s holding extended to employer withholding taxes and § 6513(c) because of a footnote in *Baral*. In the footnote, the Court explained that "'remittances which are governed by a "deemed paid" provision akin to § 6513' are 'payments' subject to § 6511." *Nicholas*, 718 F. Supp. 2d at 773 (quoting *Baral*, 528 U.S. 439 n.2). The district court relied on the Court's holding to determine that the plain language of § 6513(c)(2) made it a "deemed paid" provision and, accordingly, concluded that tax deposits remitted under § 6513(c) constituted payments. *Id.* at 774. The district court then concluded that these payments were subject to § 6511's statute of limitations as a matter of law. *Id.* We agree.

The plain language of § 6513(c)(2)[5] indicates that it is a deemed paid provision, and therefore it is subject to § 6511's limitation period for refunds. *See Baral*, 528 U.S. at 439 n.2. In addition, corresponding Treasury Regulations deem a remittance of employment taxes as payments. 26 C.F.R. § 31.6302-1(h)(9). Section 31.6302-1(h)(9) addresses whether employer withholding taxes constitute payments by stating: "In general, an amount deposited under this paragraph (h) will be considered to be a *payment of tax* . . . ." *Id.* (emphasis added). The regulation then states that for "section 6511 and the regulations thereunder . . . if an amount is deposited prior to April 15th of the calendar year immediately succeeding the calendar year that includes the period for which the amount was deposited, the amount will be considered *paid* on April 15th." *Id.* (emphasis added). The regulation specifically states that remittances of employer withholding taxes constitute "a payment of tax." *Id.* Accordingly, it is reasonable to conclude that § 6513(c) is a "deemed paid" provision and that

---

[5] *See supra* p.4–5.

No. 10-60350

remittances made under the statute constitute payments subject to § 6511's statute of limitations.

In addition, the remittances in question constituted payments under Revenue Procedure 84-58, the regulation that governed employment tax remittances during the contested time period. In *Baral*, the Court noted that its holding was limited to sections of the Internal Revenue Code that were "'deemed paid' provisions." 528 U.S. at 438–39 & n.2. The Court did not define what constituted a "deemed paid" provision. But the Court noted that "the Service has promulgated procedures to govern classification of a remittance as a deposit or payment in this context" and the Court cited to Revenue Procedure 84-58. This revenue procedure states that the IRS will treat remittances as deposits only if they are made before "the mailing of a notice of deficiency that is designated by the taxpayer in writing as a deposit in the nature of a cash bond." Rev. Proc. 84-58, 194-33 I.R.B. 9.[6] In this case, Nicholas's bookkeeper remitted payments to the IRS via a phone software system. At the time of payment, Nicholas did not protest these payments in writing nor did Nicholas request that the payments be treated as deposits. Furthermore, Nicholas's payments were not made in response to a deficiency notice nor were the payments made in response to a proposed liability.[7] The district court, therefore, correctly determined that these remittances were payments and refunds of these payments were subject to the time limitations of § 6511.

III

For the foregoing reasons, we AFFIRM the district court's judgment in all respects.

---

[6] Although Rev. Proc. 84-58 was superceded by Rev. Proc. 2005-18, the new revenue procedure was not issued until after Nicholas filed its tax returns.

[7] Furthermore, if Nicholas had confusion as to whether employment tax remittances constituted payments or deposits, they could have relied on this IRS regulation for guidance.