**Althea BEAL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 81–4001.**

United States District Court, C. D. Illinois.

Dec. 28, 1981.

John A. Slover, Jr., Rock Island, Ill., for plaintiff.

Angelynn C. Hall, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C.,

Janet L. Jannusch, Asst. U. S. Atty., Peoria, Ill., for defendant.

## DECISION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ROBERT D. MORGAN, Chief Judge.

This is a suit for refund of federal income taxes because of alleged overpayments for 1972, 1973, 1974 and 1975 by plaintiff. The Government defends on the ground that the limitation of Section 6511(b)(2)(A) of the Internal Revenue Code of 1954 (26 U.S.C. § 6511(b)(2)(A)) precludes allowance of such refund. The parties agree that proper interpretation of Section 6511 of the Code will dispose of the case, and both parties have filed motions for summary judgment, with briefs in support thereof.

## STATEMENT OF THE CASE

The following facts are not in dispute. The plaintiff made payments of estimated tax toward her 1972 income tax liability during 1972 in the amount of $18,822.47, and had an overpayment credit from the previous year in the amount of $5,552.53 credited to her, making total credits toward 1972 taxes of $24,375. Her 1972 return, filed *March 5, 1975*, showed a total tax liability of $20,723.91. On that 1972 return, plaintiff requested that $2,640.31 of the excess be credited on her 1973 tax liability and that the balance of $1,010.78 be refunded to her, which was done.

During 1973, she made estimated tax payments of $27,000, which, with the $2,640.31 credit from 1972, made total credits against 1973 liability of $29,640.31. Her 1973 return was filed *October 6, 1975*, showing tax liability of $25,522.66. She requested that the amount of $1,477.34 be credited on 1974 liability and that the balance of $2,640.31 be refunded, which also was done. (Plaintiff's claim of $16,727.24 is overstated by this amount of $2,640.31, due to failure to recognize that it was, in fact, refunded.)

During 1974, plaintiff again made estimated tax payments of $27,000, which, with the $1,477.34 credit from 1973, made total credits against 1974 liability of $28,477.34. The 1974 income tax return was filed *November 11, 1977*, and showed liability for $21,850.41. She requested on the return that the full excess payment of $6,626.93 be credited on her 1975 liability.

During 1975, plaintiff again made estimated tax payments of $27,000. Her 1975 return was filed on *August 22, 1979*, showing liability of $19,540. She requested on this return that the total accumulated excess for 1974 and 1975 of $14,086.93 be credited against her 1976 income tax liability. This request was disallowed on the ground of the statute of limitations.

During 1976, plaintiff made estimated tax payments in the amount of $28,000. Her 1976 return was filed *January 10, 1980*, showing 1976 liability of $20,884. Pursuant to her request, the actual 1976 payment of $7,116 was refunded to her, but the $14,086.93, for which request for credit was denied the previous year, was not. That IRS position precipitated this suit for refund, which was filed January 10, 1981.

For the years 1976, 1977 and 1978, plaintiff paid a total of some $52,000 in federal income taxes which are not involved in this suit in any way, except possibly, as plaintiff argues, to prevent running of the statute of limitations against her on the claim involved.

The parties agree that the filing of the returns, requesting payment or credit of the excess of estimated tax payments, constituted the claim for refund referred to in Section 6511 for each succeeding year. The Government points out that refunds or credits were allowed in all cases involved here, except the $6,626.93 requested to be credited on the 1975 tax when the 1974 return was filed in 1977, and the $7,460 shown to have been overpaid on estimates for 1975, when the 1975 return was filed on August 22, 1979. It is pointed out that the 1975 return, filed August 22, 1979, claiming refund for 1975 overpayments, was filed more than three years and two months from the date the taxes were paid. A two-months' extension was requested and allowed for the 1975 return. The Govern-

ment argues that since none of the tax monies sued to be refunded were paid within the limitation of Section 6511(b)(2)(A), there can be no refund.

Plaintiff argues that her income tax payments for 1976, 1977 and 1978 constitute "tax paid" within the meaning of Section 6511(b)(2)(A), and since the return (claim) was filed within two years of the payment of the 1978 tax, the limitation does not come into play.

## ANALYSIS

The proper interpretation and application of Section 6511 to this rather unusual fact situation is rendered somewhat obscure by the language of the Code. In relevant part, that section provides:

Section 6511—LIMITATIONS ON CREDIT OR REFUND

(a) *Period of limitation on filing claim.* —Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, * * *.

(b) *Limitation on allowance of credits and refunds.—*

(1) *Filing of claim within prescribed period.*—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

(2) *Limit on amount of credit or refund.—*

(A) *Limit where claim filed within 3-year period.*—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3

years plus the period of any extension of time for filing the return. * * *.

Section 6513 of the Code makes quite clear that, for our purposes here, any amount paid as estimated tax is to be considered as having been paid on the last day prescribed for filing the return for such year (without regard to any extension of time); [1] and that any overpayment of income tax claimed as a credit against tax for the succeeding year shall be considered as a payment of the tax for the succeeding year and no claim for credit or refund of such overpayment is to be allowed for the year in which the overpayment occurred.

Direct application of these statutory rules to the 1974–75 overpayments here, which obviously do make up this claim, shows that the 1974 overpayment of $6,626.93, as well as the actual excess of 1975 estimated tax payments over liability in the amount of $7,460, all requested by plaintiff to be credited on 1975 tax, is considered to have been paid as of April 15, 1976, and the claim for such credit was on the 1975 return when actually filed on August 22, 1979. Since the claim was on the return, it was within the time provided by Section 6511(a) from the filing thereof, which makes it a timely claim and thus brings Section 6511(b)(2)(A) into play. It simply can't reasonably be read in any way other than to limit any refund here to zero, since none of "the tax" involved was paid within the three years and two months immediately preceding the filing of the claim (the 1975 return).

Plaintiff asserts that "neither the statute nor the regulations directly state whether the 'tax paid' refers to the tax for the year to which the refund claims relate or whether it relates to the tax payments actually made * * *," and argues that such a doubt should be "resolved in favor of the taxpayer and against the government. *Gould v. Gould*, 245 U.S. 151, 38 S.Ct. 53, 63 L.Ed. 211 (1917)." While this is a perfectly good principle, the "doubt" is an imaginary one here. By limiting refund to "the portion of the tax paid within the period," it simply cannot reasonably be said to include some

1. Plaintiff's Issue No. 2 simply ignores this statutory rule and accordingly has no merit.

other tax, wholly unrelated to the claim for refund, as a qualifier. To do so would render the subsection meaningless in many cases and place its application on the wholly extraneous factor of some other unrelated payment, rather than on payments giving rise to the claim.

Plaintiff also finds comfort in the fact that, in denying a refund on this limitations ground, the court in *Estate of Cowan v. Dept. of the Treasury, et al.*, 48 A.F.T.R.2d 81–5212 (May 22, 1981), noted that "no other taxes were paid by decedent during the pertinent period." That such a fact existed in that case certainly does not mean that the decision would have been *contra* if other taxes had been paid. No other cases cited by plaintiff are considered any more apposite in support of her position.

The rationale of the cases cited by the Government seems clearly sound for application here to deny plaintiff's motion and to allow that of the Government. Arguing that it does allow the Government to keep a "windfall" is simply an argument against all limitations. As observed in *Chemical Bank v. United States*, 275 F.Supp. 26 (1967) at p. 31: "If the time period of the statute here is too short or the statute is otherwise inequitable, the sole remedy lies with Congress." *See also Johnson v. United States*, 48 A.F.T.R.2d 81–5672 (N.D.Ill. 7/16/81); *Mullin v. United States*, 77–2 U.S.T.C. ¶ 9689 (E.D.Mo.1977); *Craiglow v. United States*, U. S. Court of Claims, No. 127–76; *Harvey v. United States*, 652 F.2d 68 (Ct.Cl.1981).

Accordingly, IT IS ORDERED that plaintiff's motion for summary judgment is DENIED, the Government's motion for summary judgment is ALLOWED, and judgment is entered for the defendant at plaintiff's cost.