Norman C. BARRY and Elizabeth G. Barry, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 82 C 6871.

United States District Court, N.D. Illinois, E.D.

May 6, 1983.

Norman J. Barry, Charles D. Knight, Jonathan E. Rothschild, Chicago, Ill., for plaintiff; Rothschild, Barry & Myers, Chicago, Ill., of counsel.

T. Kazan Ray, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Dan K. Webb, U.S. Atty., Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the Court on defendant's motion to dismiss. For the reasons set forth below, the motion is granted.

The underlying facts of this case are not in dispute. It is agreed that "through an obvious error, plaintiffs paid their 1980 estimated income tax liability twice: first, by [an] April 1980 payment of the entire 1980 estimated tax liability [of $10,843]; and second, by making timely quarterly estimated income tax payments as allowed by law [throughout 1980]." Plaintiffs' Responsive Memorandum, pp. 1–2. Plaintiffs filed a claim for a refund of the overpayment in January 1981. In March 1981 defendant informed plaintiffs that their claim was disallowed.[1] On April 15, 1981, plaintiffs filed their 1980 return and applied the 1980 over-

---

1. Defendant contends that a refund should not have issued until the 1980 federal tax return was filed and it was determined that plaintiffs did not owe any other federal taxes.

payment against their 1981 estimated income tax. Plaintiffs subsequently filed this lawsuit to recover interest for the government's retention of the duplicate payment for one year.

■ A careful reading of the statute makes clear that plaintiffs fail to state a cause of action. 26 U.S.C. § 6611(a) provides for interest on overpayments: "Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at an annual rate established under section 6621." § 6611(d) further provides that the date on which the overpayment will be considered to have been made, and from which the interest shall accrue, will be determined in accordance with § 6513.[2] § 6513 states, in relevant part:

> (2) Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return).

26 U.S.C. § 6513(b)(2). The last day prescribed for filing a 1980 tax return is April 15, 1981. 26 U.S.C. §§ 6012, 6072. Thus, the April 1980 payment made by plaintiffs is not considered to have been made until April 15, 1981 for purposes of determining when interest on the overpayment began to accrue. *See also, Beal v. United States,* 535 F.Supp. 404, 405, 406 (C.D.Ill.1981).

Plaintiffs argue that because they were "required" to make installment payments on their 1980 liabilities prior to April 15, 1981, interest should accrue prior to April 15, 1981. This argument is untenable, given the plain language of the statute. Moreover, many other Americans who were "required" to have taxes withheld from their 1980 weekly paychecks are not permitted to recoup interest on any overpayments made that year. Thus, no refundable interest began to accrue on plaintiffs' overpayment until April 15, 1981.

■ Finally, the fact that plaintiffs elected to apply their 1980 overpayment toward their 1981 liabilities negates their ability to seek a refund of any interest which accrued on the overpayment subsequent to April 15, 1981. By their choice, plaintiffs lost the possibility of claiming a refund on the amount overpaid in 1980.[3] Their 1980 overpayment is now considered a 1981 payment[4] which, because it will not be considered paid until April 15, 1982, does not accrue interest which the defendant is obligated to refund.

For the foregoing reasons, defendant's motion to dismiss is granted.

---

2. § 6611(d) provides: "**Advance payment of tax, payment of estimated tax, and credit for income tax withholding.**—The provisions of section 6513 (except the provisions of subsection (c) thereof), applicable in determining the date of payment of tax for purposes of determining the period of limitation on credit or refund, shall be applicable in determining the date of payment for purposes of subsection (a)."

3. § 6513(d) provides: "**Overpayment of income tax credited to estimated tax.**—If any overpayment in income tax is, in accordance with section 6402(b), claimed as a credit against estimated tax for the succeeding taxable year, *such amount shall be considered as a payment of the income tax for the succeeding taxable year* (whether or not claimed as a credit in the return of estimated tax for such succeeding taxable year), *and no claim for credit or refund of such overpayment shall be allowed for the taxable year in which the overpayment arises*" (emphasis supplied). Had plaintiffs instead chosen to seek a refund, they would have been entitled to the amount of overpayment plus interest accrued after April 15, 1981. 26 U.S.C. § 6402(a).

4. *See* 26 U.S.C. § 6513(d), quoted in note 3, *supra.*