In re Jon R. FORD, Patricia
J. Ford, Debtors.

Bankruptcy No. 2–91–05193.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Jan. 13, 1994.

Joseph C. Winner, McFadden, Winner and Savage, Columbus, OH, for debtors.

Brenda L. Dodrill, Asst. U.S. Atty., Columbus, OH.

## OPINION AND ORDER ON DEBTORS' REMAINING OBJECTION TO THE CLAIM OF THE IRS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of debtors Jon and Patricia Ford to the proof of claim filed by The United States of America, Internal Revenue Service ("IRS"). Specifically, the debtors maintain that IRS has not applied income tax refunds

due debtors for 1986 and 1987 to reduce their tax liabilities. The IRS maintains that with respect to taxable years 1986 and 1987, such refunds are barred by the provisions of 26 U.S.C. § 6511.

 Section 6511 of 26 U.S.C. imposes two limitations on refund claims. First, under 26 U.S.C. § 6511(a), a claim for a refund must be filed by the taxpayer within the later of three (3) years of the time the return relating to that refund is filed or two years after the tax is paid.

These debtors filed their returns for tax years 1986 and 1987 in 1992. At that time they claimed refunds for both years. Because a tax return which claims a refund is treated as a claim for refund for purposes of § 6511(a), regardless of when the return is filed, the debtor's claims for refunds were timely. *See Mills v. United States*, 805 F.Supp. 448, 450 (E.D.Tex.1992). In essence the returns and the claims for refund were filed at the same time.

However, the second requirement, imposed by 26 U.S.C. § 6511(b)(2)(A), limits the amount of such refund to taxes paid within three years of the time the claim for refund is made. Therefore, to be payable, the refunds sought by the debtors must relate to taxes paid within three years before 1992, the date their claim for refund was filed. *Beal v. United States*, 535 F.Supp. 404, 406 (C.D.Ill.1981).

Without extensions, the debtors' taxes for calendar year 1986 would be deemed paid by April 15, 1987 and their 1987 taxes would be deemed paid by April 15, 1988, the dates those respective tax returns were due. 26 U.S.C. § 6513(b)(2). There is no evidence of any extensions of the return due dates which would affect these dates. Therefore, the refunds first claimed in 1992 when the tax returns were filed, are not being claimed for taxes paid within three years preceding the claims for refund. This means that even though the debtors' claims for refund or offset are timely under § 6511(a), there are no amounts susceptible to refund or offset against other unpaid taxes under § 6511(b).

The debtors have also asserted that § 108 of the Bankruptcy Code extends the period imposed by 26 U.S.C. § 6511(b)(2)(A). Before any such extension would apply, however, the debtors' rights to refunds must not have expired prior to their bankruptcy filing. Because their last rights to refund or offset for 1986 and 1987 taxes expired on April 15, 1991 and their bankruptcy was not filed until July 11, 1991, all such rights had expired prepetition. Accordingly § 108 of the Bankruptcy Code does not extend any time periods for the debtors to assert claims for refund or offset.

Finally, equitable recoupment, although argued by the debtors, does not apply. That doctrine is used where the IRS has taken inconsistent positions with regard to the same taxes. *See U.S. v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). There has been no such inconsistent position advanced here.

Based on the foregoing, the Court overrules the debtors' objection to the proof of claim of the IRS as it relates to offsets of refunds claimed for tax years 1986 and 1987 against other outstanding liabilities.

IT IS SO ORDERED.