66 F.3d 326
 76 A.F.T.R.2d 95-6539, 95-2 USTC P 50,511
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orlan LEE, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 94-1597.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1995.
 
 Before: JONES, GUY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, United States, appeals the district court's tax refund award to plaintiff. We reverse.
 
 I.
 
 2
 During the years 1984 through 1987, plaintiff, Orlan Lee, paid income taxes to the Internal Revenue Service (IRS) through withholding. In each of these years, Lee received a four-month extension in which to file his tax return. No returns were filed for these years, however, until August 5, 1992. At that time, on each of the returns, Lee claimed a refund due to overpayment of federal income taxes in the following amounts:
 
 Year Amount of claim
 
 3
 1984 $3,518.00
1985 3,753.00
1986 2,501.00
1987 91.00
 
 
 4
 The IRS denied Lee's refund claims.
 
 
 5
 Lee then filed a refund action in federal court. See 26 U.S.C. Sec. 7422(a). The government moved to dismiss the action for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The district court denied the motion. On cross-motions for summary judgment, the court determined that plaintiff was entitled to a refund up to the amount of any tax paid in the three years immediately prior to filing the 1984-1987 returns in August 1992. The record reflected that Lee had paid $2,944 in taxes during that period on income earned in 1989, and, therefore, the court awarded him $2,944.
 
 
 6
 Both parties appealed. On July 29, 1994, plaintiff's appeal was dismissed for lack of prosecution.
 
 II.
 
 7
 On appeal, the government argues that the district court erred as a matter of law in holding that Lee's claims for refunds of overpayments in federal income taxes for the years 1984 through 1987 were not barred in their entirety by the applicable statute of limitations. We apply a de novo standard of review to questions of statutory interpretation. See, e.g., United States v. Markwood, 48 F.3d 969, 975 (6th Cir.1995).
 
 
 8
 Section 6511 of the Internal Revenue Code provides, in pertinent part, that a refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. Sec. 6511(a). A tax return which discloses an overpayment of taxes is considered to be a refund claim. See Treas.Reg. Sec. 301.6402-3(a)(5) (1995). In this case, the government concedes that Lee filed timely refund claims by filing his 1984-1987 returns in 1992. The government also does not dispute the amounts of the overpayments shown.
 
 
 9
 At issue is whether Lee is entitled to claim these amounts at this time. In support of its argument that he is not, the government relies on 26 U.S.C. Sec. 6511(b)(2)(A), which further limits the amount of overpayments recoverable under a refund claim to "the portion of the tax paid" within the three-year period immediately preceding the filing of the claim. The provision extends this period to include any extension of time received for filing the return. Under that provision, therefore, the government contends that plaintiff would only be entitled to tax overpayments made within three years and four months prior to the date on which the returns were filed, that is, during the period between April 5, 1989 and August 5, 1992.
 
 
 10
 All overpayments were made by April 15, 1988, however. Under Sec. 6513(b)(1) of the Revenue Code, withholding taxes are deemed paid on the final day on which they are due, the fifteenth day of the fourth month following the year in which the income was received, without regard to any extension of time received in which to file a return. 26 U.S.C. Sec. 6513(b)(1).
 
 
 11
 In interpreting Sec. 6511(b)(2)(A), however, the district court found that section merely limited plaintiff's recovery for overpayments to an amount not to exceed any tax paid within the period of April 5, 1989 and August 5, 1992. The court stated in its order denying the government's motion to dismiss:
 
 
 12
 The language of subsection 6511(b)(2)(A) dictates that the refund cannot exceed the tax paid in the three years prior to the date of the claim. It does not say that the claim cannot be for anything but the specific taxes overpaid in the three years prior to the claim. The subsection simply is a limit or cap on the amount of the refund.
 
 
 13
 (App. at 30.) In deciding the summary judgment motions, the court referenced its opinion denying the government's motion to dismiss and again stated that "plaintiff is entitled to recover his overpayments in an amount not to exceed the amount of income taxes he paid into the government in the three years preceding the filing of his refund claim." (App. at 74.)
 
 
 14
 We find such an interpretation to be overbroad. Rules of construction require courts to read statutes in a manner that affords internal consistency, Louisiana Public Service Commission v. FCC, 476 U.S. 355, 370 (1986), and to recognize that specific language controls general language. Ginsberg & Sons, Inc. v. Popkin, 285 U.S. 204, 208 (1932). In this case, the court in construing Sec. 6511(b)(2)(A) omitted reference to the language "the portion of" in referring to the tax paid within the relevant period. Such language, we find, reasonably interpreted, relates to a specific tax, in this case, the tax subject to refund. See, e.g., FDIC v. Bates, 42 F.3d 369, 372 (6th Cir.1994) (to ignore statute's reference to explicit language would render such words as "meaningless surplusage").
 
 
 15
 Moreover, the court in effect substituted the phrase "any tax" for the phrase "the tax" as appears in Sec. 6511(b)(2)(A). The statute construed in its entirety reflects that the statute's use of the definite article "the" in connection with the phrase "the tax" was purposeful. In the prior subsection to the provision, Sec. 6511(a), the statute initially refers to a "[c]laim for credit or refund of an overpayment of any tax imposed by this title" and in all subsequent references within subsections (a) and (b) refers to tax relating to that claim as "the tax." Moreover, the use of the phrase "any tax" in subsection (a) suggests that Congress could have used that phrase in subsection (b) if it had intended so, but intended a distinct meaning when it referred to "the tax" in subsection (b).
 
 
 16
 Furthermore, the challenged interpretation would lead to anomalous results. While in this case the overpayments sought were relatively recent and the government did not contest the validity of the amounts sought, under the district court's reasoning, so long as a taxpayer had paid some taxes within three years of filing a claim, the government would have to process as timely claims relating to overpayments from long ago, regardless of when they were originally made. Such claims would surely raise difficulties in processing, as the availability of documentation and witnesses decreases over time and memories fade.
 
 
 17
 The proper relationship between the timely filing of a claim and the amount of refund available under Sec. 6511 has been addressed previously by courts. In Domtar Newsprint Sales Ltd. v. United States, 435 F.2d 563, 567 (Ct.Cl.1970), the government argued that under Sec. 6511(a) a timely claim had to be filed within three years of the return's due date rather than the actual date of filing. The Court of Claims, addressing the legislative history of Sec. 6511(a), noted that the provision was designed to achieve parity between the time period in which the government can seek an assessment--three years from a return's actual filing--and the time in which a taxpayer can seek a refund. It found, therefore, that the actual date of the filed return was operative. In finding against the government, however, the court noted as follows:
 
 
 18
 Our interpretation of section 6511(a) does not, as the Government contends, render the statute of limitations ineffective nor permit a taxpayer to file a return and then a valid claim for refund at any time. Section 6511(b) limits the recovery to taxes paid within 3 years of the date of filing the claim for refund. Therefore, it will be an unusual case where section 6511(b) will not bar recovery.
 
 
 19
 Id. The district court's holding in this case would require the opposite result. Assuming that most taxpayers pay some taxes on a regular basis, overpayment claims could be filed and recovery granted at any time.
 
 
 20
 To allow recovery for overpayment based on the amount of unrelated tax liabilities, moreover, would allow recovery based on happenstance. For example, under the court's construction, if Lee had owed and paid $9863 in taxes in 1989, he could have recovered the full amount of his 1984-1987 overpayments. As the government points out, Lee in effect was granted a refund of his tax payment for the taxable year 1989, even though Lee had not filed any claim for refund for that year, much less established that he had made an overpayment of tax for that year.
 
 
 21
 Pertinent legislative history also supports our conclusion. A Senate Report to legislation codifying a predecessor to Sec. 6511(b)(2)(A) indicates that the provision was intended to prevent a taxpayer from extending the time for filing a claim for the entire tax by making small payments from time to time:
 
 
 22
 In order that a late payment of a small portion of the tax due may not extend the time for filing a claim for refund of the entire tax, a limitation has been inserted by the committee restricting the amount of a credit or refund to the portion of the tax paid during the four [now three] years immediately preceding the filing of the claim.
 
 
 23
 S.Rep. No. 398, 68th Cong., 1st Sess. 33 (1924).
 
 
 24
 This court has been unable to find any pertinent authority adopting the district court's interpretation. Several courts in other jurisdictions have concluded, however, as we do now, that Sec. 6511(b)(2)(A) limits recovery to amounts of overpayment made within the three years prior to the filing of the refund claim, plus any extensions for filing. See, e.g., Beal v. United States, 535 F.Supp. 404, 406-07 (C.D.Ill.1981) (rejecting as "extraneous factor" unrelated tax payments in overpayment recovery action); Vonstille v. United States, 90-1 U.S. Tax Cas. (CCH) p 50,272 (M.D.Fla.1990) ("[t]he wording, 'portion of the tax' used in Sec. 6511(b)(2)(A) refers to the particular tax as to which the taxpayer now seeks a refund"), aff'd, Vonstille v. IRS, No. 90-3528 (11th Cir. May 21, 1991); Gouin v. United States, 88-2 U.S. Tax Cas. (CCH) p 9534 (D.C.Mass.1988) (to allow taxpayers to treat the IRS as a bank by "withdrawing" previously "deposited" overpayments at their leisure would undermine the uniform and orderly administration of the tax laws); Raimo v. United States, 69 A.F.T.R. (P-H) 92-1388 (Cl.Ct.1992) ("to qualify for a refund under 26 U.S.C. Sec. 6511(b)(2)(A), a tax payment would have to be payment toward the tax year for which the refund was claimed").
 
 
 25
 The authority relied upon by Lee is distinguishable. See, e.g., Rosenman v. United States, 323 U.S. 658 (1945). In Rosenman, the Supreme Court held that a taxpayer's payment of money to the IRS for estate taxes, accompanied by a letter stating that the payment was "under protest and duress, and solely for the purpose of avoiding penalties and interest," id. at 659, was not the "payment of such tax" within the meaning of the applicable limitations period of the tax code unless the taxpayer intended to make a payment or the IRS had formally assessed the tax. Id. at 662-63. In this case, Lee's payments were through withholding taxes. Furthermore, the adoption of Sec. 6513(b), which provides that withholding taxes are deemed paid by April 15 of the year following the year in which the income taxes were withheld, supersedes any application of Rosenman to the facts of this case. See, e.g., Ehle v. United States, 720 F.2d 1096, 1097 (9th Cir.1983) (reliance on taxpayer intent standard under Rosenman is misplaced in withholding tax refund action in light of Sec. 6513(b)).
 
 
 26
 The United States, as sovereign, may be sued only to the extent that it has by statute consented to suit and the terms of that consent define the jurisdiction of the courts to entertain such suits. E.g., United States v. Dalm, 494 U.S. 596, 608 (1990). Under Sec. 7422 of the Revenue Code, which sets forth the requirements for commencing a refund action, a taxpayer may not bring a refund action "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard." 26 U.S.C. Sec. 7422(a). A duly filed refund claim is a jurisdictional prerequisite to a refund action in a district court. See, e.g., Ameel v. United States, 426 F.2d 1270, 1274 (6th Cir.1970). Because plaintiff's recovery is barred by the limitations period set forth in Sec. 6511(b)(2)(A), the district court lacked subject matter jurisdiction. As one court has observed in enforcing Sec. 6511(b)(2)(A):
 
 
 27
 A ruling that a refund claim is filed too late can be a harsh one. But we are not authorized to provide relief from the clear statutory requirements. The United States consents to be sued for tax refunds only when the refund claim is filed in accordance with the Internal Revenue Code.
 
 
 28
 Blatt v. United States, 34 F.3d 252, 257 (4th Cir.1994) (citation omitted).
 
 
 29
 REVERSED and REMANDED for further proceedings consistent with this opinion.