NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0248n.06
Filed: May 8, 2008

No. 06-2596

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ALTERNATIVE ENTERTAINMENT
ENTERPRISES, INC.,

    Plaintiff-Appellant,

        v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

On Appeal from the United
States District Court for the
Eastern District of Michigan
at Flint

_____/

**Before:**    **GUY, SUHRHEINRICH, and COLE, Circuit Judges.**

**PER CURIAM.**  Plaintiff Alternative Entertainment Enterprises, Inc., appeals from

the district court's decision dismissing its action for a refund of income taxes for fiscal years

1999 and 2000. After review of the record and the arguments presented on appeal, we affirm

the judgment in favor of the defendant.

**I.**

In April 2004, Alternative Entertainment Enterprises, Inc. (AEE), a Michigan

corporation in the business of representing individuals in the areas of sports and

entertainment, filed its corporate income tax returns for the fiscal years ending June 30, 1999,

and June 30, 2000, seeking refunds of $46,806 and $11,432, respectively, plus statutory

interest. AEE alleged that it "had made estimated payments toward its projected tax liability" of $51,000 before the end of FY1999, and $20,000 before the end of FY2000. AEE alleged that it had no tax obligation until the returns were filed in April 2004, and therefore the earlier payments were not payment on a tax obligation but a "deposit" on the tax obligation to be determined at a later time. The corporate tax returns, attached to the complaint, accounted for the earlier payments as "estimated tax payments" and constituted the claims for the refunds. The IRS denied the claims for the refunds because the payments were made outside the look-back period set forth in I.R.C. § 6511(b)(2)(A).

This action for refund of overpayments was filed by AEE in December 2005, the United States responded by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and the district court granted the defendant's motion to dismiss on September 22, 2006. This appeal followed.

## II.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim upon which relief may be granted. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006). AEE seems to argue that the district court erred by not converting the motion to one for summary judgment once AEE argued that the IRS should have credited the payments differently and submitted copies of correspondence with the IRS in response to defendant's motion to dismiss. The district court clearly decided the matter under the 12(b)(6) standard, and rejected AEE's assertion that the handling of a refund of $12,000 due for fiscal year 1998 was relevant to the refund claims at issue.

The limitations detailed in I.R.C. § 6511 have two components: a limitations period for filing the claim for credit or refund, and a limitation on the amount of any credit or refund. First, the limitations period provided in pertinent part that a "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid." I.R.C. § 6511(a). There is no dispute that AEE's claims for refunds were timely under this provision because AEE's returns also constituted the claims for a refund of the overpayments.

The refunds were denied, however, under I.R.C. § 6511(b)(2)(A), which provided in pertinent part as follows:

> **(A) Limit where claim filed within 3-year period.**—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. . . . .

Thus, AEE's refund with respect to each claim may not exceed "the portion of the tax paid" within this look-back period. AEE received a six-month extension of time for filing the return for FY1999, but did not get an extension for FY2000. As a result, the look-back period for FY1999 and FY2000 are 3 1/2 years and 3 years, respectively. Counting backward from the filing of the claims in April 2004, AEE may recover, at most, the amount of overpayments for FY1999 made after October 2000, and the amount of overpayments for FY2000 made after April 2001.

The question then is when were the taxes paid. AEE alleges that $51,000 in estimated tax payments for FY1999 were made "prior to June 30, 1999," while $20,000 in estimated taxes for FY2000 were made "prior to June 30, 2000." There is no dispute that AEE paid these amounts prior to the end of each fiscal year, and therefore before the return was due. Later dates actually apply, however, under the "deemed paid" provisions of I.R.C. § 6513, which provide that:

> **(a)** . . . For purposes of section 6511(b)(2) and (c) and section 6512, payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day. For purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments.
>
> **(b) Prepaid income tax.**—For purposes of section 6511 or 6512—
>
> . . . .
>
> **(2)** Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return).

As a result, although AEE paid estimated taxes before the end of both FY1999 and FY2000, the payments are nonetheless "deemed paid" on the last day for filing those returns without regard to any extension. The last day for filing the returns was September 15, 1999, and September 15, 2000, respectively. However, these later dates still do not bring the amounts paid within the look-back period for FY1999 or FY2000. As a result, the "ceiling" on AEE's refund for each year is zero.

On appeal, AEE argues that the district court erred in failing to recognize that there was some question whether the advance payments were treated appropriately by the IRS. AEE points specifically to a tax payment of $39,361.25 made on May 23, 2001, which would fall within either look-back period. That payment, however, was made against outstanding tax liability for FY1998. As best we can tell, AEE is arguing that if the IRS had "collected" the $39,361.25 due for FY1998 from the aggregate of $71,000 in estimated taxes paid for FY1999 and FY2000, then the May 2001 payment could have been applied to the taxes for FY1999 or FY2000 and would have come within the look-back period. AEE argued somewhat relatedly in the district court that at the time of the May 2001 payment, AEE had also questioned whether the IRS had properly treated a $12,000 refund or credit against the taxes for FY1998. The upshot, again, was AEE's assertion that instead of taking the taxes owed for FY1998 from the "amounts on deposit," the IRS applied the May 2001 payment to the outstanding tax obligation for FY1998.

In fact, AEE did not allege and does not argue on appeal that the $39,361.25 payment was intended as anything but a payment against its tax obligation for FY1998. It is not enough that *some* tax was paid within the look-back period for purposes of § 6511(b)(2)(A); the amount of a credit or refund for overpayment is limited to the portion of *the* tax paid within the look-back period. *Lee v. United States*, No. 94-1597, 1995 WL 527373 (6th Cir. Sept. 6, 1995) (noting that otherwise overpayment claims could be granted at any time

because most taxpayers pay some taxes on a regular basis). No portion of the overpaid taxes

for FY1999 or FY2000 were paid within the applicable look-back period.[1]

Finally, AEE argues, as it did in the district court, that the limitations of §

6511(b)(2)(A) should be tolled under I.R.C. § 6511(h) because its sole owner, director, and

employee was "financially disabled":

> **(h)     Running of periods of limitation suspended while taxpayer is unable to manage financial affairs due to disability.—**
>
> **(1) In general.**—In the case of an individual, the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled.
>
> **(2) Financially disabled.—**
>
> > **(A) In general.**—For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.
> >
> > **(B) Exception where individual has guardian, etc.**—An individual shall not be treated as financially disabled during any period that such individual's spouse or any other

---

[1] AEE has abandoned the position taken in its complaint that because it had no tax obligation for FY1999 and FY2000 until the tax returns were filed in April 2004, the advance payments were not tax payments but a "deposit" on the tax obligation to be determined at a later time. There are internal revenue procedures for making a "deposit," which may be returned without regard for § 6511's limitations, but there is no allegation that those procedures were followed. The Supreme Court has held that estimated taxes subject to the "deemed paid" provisions are tax payments and not deposits. *Baral v. United States*, 528 U.S. 431 (2000). Because AEE alleged that the payments were "estimated tax payments" and listed the payments as "estimated taxes" on the returns that also served as the claims for the refunds, we do not address the question of whether the payments were "deposits" or "payments."

> person is authorized to act on behalf of such individual in financial matters.

AEE's sole employee, officer, and shareholder—Attorney L. Fallasha Erwin—advised the IRS that after a few years of physical problems he was diagnosed with prostate cancer in 2000. Due to aggressive treatment and resulting physical difficulties, Erwin stated that he was unable to have AEE's corporate tax returns filed in a timely fashion for FY1999 and FY2000.

Without determining whether Erwin could establish that he was "financially disabled" for purposes of § 6511(h), the district court concluded that *AEE* could not rely on this tolling provision. AEE has not offered any authority to suggest that a corporation may rely on § 6511(h), even if the corporation could establish that its only employee was financially disabled. By its terms, § 6511(h) applies to an individual taxpayer who is unable to manage his financial affairs due to disability. AEE is not an individual but a corporation; and Erwin, an individual, is not the taxpayer. The district court did not err in finding § 6511(h) could have no application here. *Accord Voss Indus., Inc. v. United States*, No. 1:02CV1181, 2003 WL 352769, at *5 (N.D. Ohio Jan. 27, 2003).

**AFFIRMED.**