United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 04-60684

———————————

SUSAN C HARRIGILL

Plaintiff - Appellee

v.

UNITED STATES OF AMERICA

Defendant - Appellant

———————————————————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi

———————————————————————————————————————

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

KING, Chief Judge:

The government appeals from the district court's grant of
summary judgment in favor of Susan Harrigill on her claim for a
tax refund.  Because we find that the district court erred in
granting summary judgment for Harrigill, and because the
government is entitled to judgment as a matter of law, we VACATE
the judgment and REMAND to the district court with instructions
to enter judgment for the government.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 1995, Plaintiff-Appellee Susan Harrigill filed

-1-

a Form 4868 application for an automatic four-month extension of time for filing her 1994 income tax return. The extension application stated that her estimated tax liability for 1994 was $91,109, her payments to date were $11,609, and the balance due was $79,500. The Form 4868 was accompanied by a check for $79,500 to the Internal Revenue Service (the "IRS"). At the expiration of the four-month extension period, Harrigill filed a Form 2688 application for an additional two-month extension, which the IRS granted. However, Harrigill did not file her 1994 tax return by the extended due date in October 1995.

On February 23, 1998, more than two years after the expiration of the extension period, the IRS sent Harrigill a notice requesting that she file her 1994 tax return. The notice advised Harrigill that she had a credit balance of $84,720 and instructed her to file a return if she wanted a refund or an application of the credit to another tax year. Harrigill's accountant responded with a letter indicating that she would seek an application of the credit.

On September 18, 1998, Harrigill filed her 1994 tax return. In the return, Harrigill claimed that she had made payments totaling $91,109, which included the $79,500 that she had sent to the IRS with her Form 4868. The $79,500 was listed on Line 57 of the return as an "[a]mount paid with Form 4868 (extension request)." Harrigill claimed that she had overpaid her taxes for 1994, and she requested that $61,741 of the overpayment be

-2-

applied to her estimated taxes for 1995. The IRS treated the 1994 return as a timely-filed administrative request for credit of an overpayment.[1] After applying the appropriate amount of Harrigill's payments to her 1994 tax liability, the IRS complied with Harrigill's request and transferred the amount overpaid ($61,741) as a credit to her estimated taxes for 1995.

Harrigill also missed the due date to file her 1995 tax return. On or before April 15, 1996, Harrigill submitted a Form 4868 application for a four-month extension to file her 1995 return. She subsequently filed a request for an additional two-month extension, which was granted, making her 1995 tax return due on October 15, 1996. However, she did not file her 1995 tax return until December 4, 2000. Harrigill's 1995 return showed the $61,741 credit carried forward from the 1994 return, estimated an overpayment of $62,791, and requested that the overpayment amount be applied as a credit to her estimated tax for 1996.[2]

The IRS denied Harrigill's request for application of credit to her 1996 taxes on the ground that 26 U.S.C. § 6511(b)(2)(A) limited the amount of the credit application to the amount of

---

[1] Even though Harrigill's 1994 tax return itself was not timely, the government concedes that an untimely return can, and did in this case, function as a timely administrative claim for refund or application of credit.

[2] The government also concedes that Harrigill's 1995 tax return, like her 1994 tax return, functioned as a timely administrative claim for refund or application of credit.

taxes that Harrigill had paid within the three and a half years prior to her filing of her 1995 return on December 4, 2000. Because Harrigill had not paid any taxes within that period, the IRS determined that the maximum amount of the credit was zero.

Harrigill filed suit in the United States District Court for the Southern District of Mississippi, seeking a refund of $62,568. The government moved for summary judgment, arguing, inter alia, that Harrigill's recovery was capped at zero by the § 6511(b)(2)(A) look-back period because she had not paid any taxes within the three and a half years prior to filing her claim. Harrigill responded that § 6511(b)(2)(A) did not bar her claim because her $79,500 remittance towards her estimated 1994 liability was a "deposit" and not a "payment." She further argued that it became a payment only when she filed her 1994 tax return in September 1998. Thus, she claimed that because she "paid" her taxes in September 1998, she had paid sufficient taxes within the relevant look-back period (between June 4, 1997 and December 4, 2000).

The district court agreed with Harrigill and denied the government's motion for summary judgment. The court found that Harrigill's April 15, 1995 remittance of $79,500 accompanying her extension application was a "deposit" rather than a "payment." Specifically, the court found that Harrigill's intent revealed that her remittance was a deposit under the fact-and-circumstances approach taken by the Tax Court in Risman v.

-4-

Commissioner, 100 T.C. 191 (1993).  The district court noted Harrigill's explanation that she made the remittance because she was having difficulties with her business partner (who was also her ex-husband), and she feared that she might not have the funds to pay her taxes in the future.  The court also construed the IRS's February 23, 1998 letter, which requested that Harrigill file her 1994 return and noted that she had a credit balance, as signifying that the IRS considered the remittance to be a deposit rather than a payment.

Harrigill subsequently filed her own motion for summary judgment, and the government renewed its motion for summary judgment.  The district court declined to consider the government's renewed motion and instead granted summary judgment in favor of Harrigill.  The district court entered judgment for Harrigill and granted her a refund for an overpayment of $62,586 plus interest running from December 4, 2000.  The government now appeals from that judgment.

## II.  DISCUSSION

This court reviews a grant of summary judgment de novo, applying the same standard as the district court.  Perez v. United States, 312 F.3d 191, 193 (5th Cir. 2002) (per curiam). Summary judgment is proper when the record, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  See FED. R. CIV. P.

-5-

56(c); see also Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001). "The moving party is entitled to a judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In this case, neither party argues that there is a question of fact; both parties argue that they are entitled to judgment as a matter of law.

In the present case, Harrigill challenges the IRS's denial of her claim for application of credit from her overpayment of her 1995 taxes to her 1996 tax liability. She filed this claim with the IRS on December 4, 2000, when she filed her 1995 tax return claiming an overpayment of her 1995 taxes and requesting that the overpayment be applied to her 1996 tax liability. As the Supreme Court has stated:

> Internal Revenue Code § 6511(b)(2)(A) imposes a ceiling on the amount of credit or refund to which a taxpayer is entitled as compensation for an overpayment of tax: "[T]he amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return."

Baral v. United States, 528 U.S. 431, 432 (2000) (quoting 26 U.S.C. § 6511(b)(2)(A)) (alteration in original).[3] Because

_____

[3] Section 6511(b)(2)(A) provides in full:

(2) Limit on amount of credit or refund.--

-6-

Harrigill received a four-month extension and then an additional two-month extension to file her 1995 tax return, the applicable look-back period under § 6511(b)(2)(A) runs three years and six months back from the date that she filed her claim. Accordingly, Harrigill's recovery is limited to the portion of the tax that she paid during the period running from December 4, 2000 back to June 4, 1997.

The pertinent question here is whether Harrigill paid any of the taxes that she seeks to recover during the applicable look-back period. For the purposes of § 6511(b)(2)(A), a payment of estimated tax is deemed to have been made on the due date of the tax return for that year. See 26 U.S.C. § 6513(b).[4] Thus, the

> (A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

[4] Section 6513(b) provides:

(b) Prepaid income tax.--For purposes of section 6511 or 6512--

> (1) Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with

government argues that under § 6513(b), the taxes that Harrigill seeks to recover were deemed paid on April 15, 1996.[5] Accordingly, the government contends that Harrigill made no payment within the applicable look-back period and that she is therefore barred from recovery.

Harrigill argues that the district court properly granted summary judgment in her favor. Specifically, she claims that the district court properly determined that under the Risman facts-and-circumstances test, her April 15, 1995 remittance of $79,500 towards her estimated 1994 liability, which accompanied her Form

respect to which such tax is allowable as a credit under section 31.

(2) Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return).

(3) Any tax withheld at the source under chapter 3 shall, in respect of the recipient of the income, be deemed to have been paid by such recipient on the last day prescribed for filing the return under section 6012 for the taxable year (determined without regard to any extension of time for filing) with respect to which such tax is allowable as a credit under section 1462. For this purpose, any exemption granted under section 6012 from the requirement of filing a return shall be disregarded.

[5] Harrigill's 1995 taxes were paid by withholdings and by her request, on her 1994 return, that the overpayment of her 1994 taxes be credited to her estimated taxes for 1995. Thus, according to the government, the withholdings were deemed paid on April 15, 1996 under § 6513(b)(1), and the estimated taxes were deemed paid on April 15, 1996 under § 6513(b)(2).

-8-

4868, was a "deposit" and not a "payment."[6] She claims that because that remittance is properly viewed as a deposit, § 6513(b) does not deem her payment to have been made on April 15, 1996 because § 6513(b) is applicable only to payments of estimated taxes, not to deposits. Therefore, she claims that she paid her 1994 taxes on September 18, 1998, when she filed her 1994 tax return. Accordingly, she argues that she paid sufficient taxes within the relevant look-back period. The government responds that the district court erred in characterizing Harrigill's remittance as a deposit because remittances made with Form 4868 extension applications should be considered payments as a matter of law and that the Risman court's facts-and-circumstances approach is erroneous.[7]

We find it unnecessary, however, to decide whether

---

[6] We note that after the Supreme Court decided Rosenman v. United States, 323 U.S. 658 (1945), the Fifth Circuit adopted the rule that all remittances were deemed deposits, and not payments, until an assessment of liability had been made. See, e.g., Thomas v. Merchantile Nat'l Bank, 204 F.2d 943, 944 (5th Cir. 1953); Ford v. United States, 618 F.2d 357, 358-61 (5th Cir. 1980). However, both parties agree that this line of authority recently has been abrogated by Baral, 528 U.S. at 435-39, in which the Supreme Court rejected the notion that a remittance is never a payment until an assessment has been made.

[7] A number of other courts have adopted the government's position. See, e.g., Dantzler v. I.R.S., 183 F.3d 1247 (11th Cir. 1999); Ertman v. United States, 165 F.3d 204, 207 (2d Cir. 1999); Ott v. United States, 141 F.3d 1306, 1309 (9th Cir. 1998); Gabelman v. Commissioner, 86 F.3d 609, 611-12 (6th Cir. 1996); see also VanCanagan v. United States, 231 F.3d 1349, 1352-54 (Fed. Cir. 2000) (pretermitting the question of whether a Form 4868 remittance is always a payment under § 6513(b) because the facts and circumstances of the remittance demonstrated that the remittance clearly was a payment).

Harrigill's remittance accompanying her Form 4868 application was a deposit or a payment as a matter of law. Regardless of whether the remittance accompanying the April 15, 1995 Form 4868 was a deposit or a payment, we agree with the government that Harrigill's application of credit to her 1995 taxes, which she requested in her 1994 tax return filed in September 1998, constituted a payment of her estimated 1995 taxes, not a deposit. The government points to 26 U.S.C. § 6402(a), which confers broad authority on the IRS to credit any overpayment against any outstanding liability. More specifically, § 6402(b) authorizes the IRS to credit overpayments against the estimated tax for a succeeding tax year pursuant to procedures established by regulation. The relevant regulations indicate that applications of overpayment credit are deemed payments of estimated income tax. For example, 26 C.F.R. § 301.6402-3(a)(5) provides:

> A properly executed individual . . . original income tax return or an amended return . . . shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return). . . . A return or amended return shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return (or amended return) is filed. If the taxpayer indicates on its return . . . that all or part of the overpayment shown by its return . . . is to be applied to its estimated income tax for its succeeding taxable year, such indication shall constitute an election to so apply such overpayment, and no interest shall be allowed on such portion of the overpayment credited and such amount

-10-

shall be applied as a payment on account of the estimated income tax for such year or the installments thereof.

(emphasis added). Moreover, § 6513(d) also supports the conclusion that Harrigill's application of credit from her 1994 taxes to her 1995 taxes was a payment of her estimated 1995 taxes:

> (d) Overpayment of income tax credited to estimated tax.--If any overpayment of income tax is, in accordance with section 6402(b), claimed as a credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the succeeding taxable year (whether or not claimed as a credit in the return of estimated tax for such succeeding taxable year), and no claim for credit or refund of such overpayment shall be allowed for the taxable year in which the overpayment arises.

26 U.S.C. § 6513(d) (emphasis added). Furthermore, Harrigill's application of credit from her 1994 taxes to her 1995 taxes clearly was not a deposit as contemplated by IRS procedure. See, e.g., Rev. Proc. 84-58, 1984-33 I.R.B. 9.[8] In Gabelman, the Sixth Circuit concluded that the Form 4868 remittance was not a deposit under this procedure because the IRS had not challenged the taxpayer's determinations and representations and because the taxpayer therefore had not submitted the remittance in an effort to stop any penalties from accumulating. Gabelman v. Commissioner, 86 F.3d 609, 612-13 (6th Cir. 1996); see also Baral, 528 U.S. at 439 n.2 (describing deposits as "remittances of any sort of tax by a taxpayer under audit in order to stop the

---

[8] We note that on March 28, 2005 (after the time of the events relevant to this appeal), Rev. Proc. 2005-18, 2005-13 I.R.B. 798, was published, superceding Rev. Proc. 84-58.

running of interest and penalties"). Similarly, Harrigill did not apply the credit from her 1994 taxes to her 1995 taxes to stop penalties from accruing in relation to an IRS challenge of her determinations and representations. Thus, we agree with the government that Harrigill's application of credit to her 1995 taxes was a payment of her estimated 1995 income tax, as opposed to a deposit.

Harrigill also argues that § 6513(b) does not apply here because that subsection is entitled "Prepaid income tax." She asserts that the provision therefore applies only to situations in which the taxpayer makes the payment before the due date of the tax return. Accordingly, she argues that if the IRS is correct that she paid her 1995 taxes in September 1998 by filing her 1994 tax return seeking application of credit, her payment was not for "prepaid income tax" because April 15, 1996 had already passed. We are unconvinced by Harrigill's argument. The sole basis of her argument is the heading of § 6513(b). However, we need not turn to the statute's heading because the text is unambiguous--it clearly applies to "[a]ny amount paid as estimated income tax for any taxable year . . . ." 26 U.S.C. § 6513(b)(2); see also United States v. Carrillo-Colmenero, 523 F.2d 1279, 1283 (5th Cir. 1975) ("Since the text of the statute is plain and unambiguous, there is no call to resort to its heading to aid in construing it."); Hodges v. United States, 223 F.2d 140, 145 (5th Cir. 1955). Furthermore, we note that the

-12-

Second Circuit has rejected a similar argument regarding the title of § 6513(b) on a number of grounds. See Ertman v. United States, 165 F.3d 204, 208 (2d Cir. 1999). Thus, we are persuaded that § 6513(b) applies to Harrigill's application of credit to pay her estimated 1995 tax.

For the purposes of § 6511(b)(2)(A), Harrigill's payment of her estimated 1995 income tax is statutorily deemed by § 6513(b) as having been made on the due date of the return without extension, i.e., on April 15, 1996. See 26 U.S.C. § 6513(b); Baral, 528 U.S. at 433-35. Because this date falls outside of the look-back period of December 4, 2000 to June 4, 1997 calculated above, none of the taxes that Harrigill seeks to recover were paid within the applicable look-back period under § 6511(b)(2)(A). Harrigill's recovery therefore is limited by statute to zero, and the government is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons stated above, we VACATE the judgment of the district court and REMAND this case to the district court with instructions to enter judgment in favor of the government. Costs shall be borne by Harrigill.