**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE REYNOSO,
        *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
        *Defendant-Appellee.*

No. 11-15181

D.C. No.
3:10-cv-00098-SC

OPINION

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Argued and Submitted
May 14, 2012—San Francisco, California

Filed August 28, 2012

Before: Stephen Reinhardt, Richard R. Clifton, and
N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

## COUNSEL

Paul Ham, Esq., San Francisco, California, for the plaintiff-appellant.

Bruce R. Ellisen, and Carol Barthel, United States Department of Justice, Tax Division, Tamara W. Ashford (argued), Deputy Assistant Attorney General, United States Department of Justice, Washington, D.C., for the respondent-appellee.

## OPINION

N.R. SMITH, Circuit Judge:

A taxpayer's claim for credit of an overpayment is limited to the amount of the overpayment made within of the applicable look-back period in § 6511(b)(2)(A) of the Internal Revenue Code (the "I.R.C." or the "Code").[1] Any claim for refund based on an amount claimed as a credit but paid outside of the § 6511(b)(2)(A) look-back period is time barred and uncollectible. Therefore, we affirm the district court, because Jose Reynoso's claim for credit of his $117,527 overpayment of his 1999 taxes was time-barred under § 6511(b)(2)(A).

## I.  BACKGROUND

## A.  FACTS

Jose Reynoso was charged with and pleaded guilty to three misdemeanor counts for not filing tax returns for 1999, 2000, and 2001. Although Reynoso did not file returns for these years, he made tax payments during these years. As payments toward his 1999 estimated tax liability, on April 21, 1999 Reynoso paid $25,000 and on April 15, 2000 Reynoso paid $220,000. On April 15, 2001, Reynoso paid $200,000 toward his 2000 tax liability. On April 15, 2002, he paid $200,000 toward his 2001 tax liability.

---

[1]All statutes cited herein are found in the Code, which is codified at Title 26 of the United States Code. Moreover, § 6511(b)(2)(A) of the Code states in pertinent part:

> **(2) Limit on amount of credit or refund**
>
> **(A) Limit where claim filed within 3-year period**
>
> If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

As a result of the criminal proceedings, and notwithstanding Reynoso's previous tax payments, the IRS designated $585,329 of Reynoso's funds it was holding as a cash bond to offset Reynoso's anticipated tax liability for 1999, 2000, and 2001. On December 13, 2005, the IRS applied $75,852, $278,338, and $51,913 of the cash bond toward Reynoso's 1999, 2000, and 2001 tax liability, respectively. The IRS transferred the remaining $179,227 of the cash bond to an excess collection account.

In 2007 and 2008, Reynoso filed his tax returns for 1999, 2000, and 2001.[2] His tax liabilities for each year were: $127,473 for 1999; $238,328 for 2000; and $231,042 for 2001. Based on his tax liabilities, 1999 was the only year that his initial payments (not counting the application of the cash bond) exceeded his tax liability. Reynoso's 1999 tax pay-

---

[2]Reynoso obtained a four-month extension to file his 1999 tax return and a six-month extension to file his 2000 tax return. The extensions are relevant, because § 6511(b)(2)(A) accounts for extensions of time for filing returns in determining its limitations period.

Notwithstanding the extensions, Reynoso filed his 1999 tax return (Form 1040) on August 6, 2007, and he claimed a tax liability of $125,618 and an overpayment of $119,382. Reynoso filed another 1999 tax return on December 5, 2007. In the return filed in December, Reynoso corrected the tax liability to $127,473, listed an overpayment of $117,527 (on line 65), and listed the overpayment on line 67. Line 67 stated: "Amount of line 65 you want Applied to Your 2000 Estimated Tax."

Reynoso filed his 2000 tax return on May 22, 2008. On line 59 of the 2000 tax return Reynoso listed $117,527 as "2000 estimated tax payments and amount applied from 1999 return." He claimed a 2000 tax year overpayment of $79,199, which he requested to be applied to his estimated taxes for 2001.

On December 12, 2008, Reynoso filed a Form 1040X ("Amended Individual Income Tax Return") for his 1999, 2000, and 2001 tax years, which he annotated "Protective Claim for Refund." On his 1999 Form 1040X, Reynoso listed a total overpayment of $193,379. He designated $75,852 to be refunded and $117,527 to be "APPLIED TO YOUR 2000 ESTIMATED TAX." The 2000 Form 1040X listed a total overpayment of $357,537 (which included the $117,527).

ments made in April 1999 and April 2000 (totaling $245,000) exceeded his 1999 tax liability of $127,473 by $117,527. This is significant because § 6511(b)(2)(A)'s look-back period does not allow overpayment amounts to be credited or refunded if the overpayments were made more than three years (plus any time granted for extensions) prior to the date the tax return is filed. Reynoso claimed a credit for the 1999 overpayment in his 1999 tax return filed on December 5, 2007.

Sometime between February 6, 2009 and April 6, 2009, the IRS applied the $117,527 1999 overpayment to Reynoso's 2000 tax year, as requested in Reynoso's tax return. An IRS agent later said that the IRS mistakenly applied the overpayment to the 2000 tax account. The IRS agent did not think the IRS was permitted to move the money based on the Code.

On April 23, 2009, Reynoso sent a letter to the IRS requesting a refund for the overpayments caused by the application of the cash bond to the 1999, 2000, and 2001 tax years and for the unapplied cash bond amount. Reynoso also claimed a refund for the $117,527 amount that was credited to his 2000 taxes as an overpayment of his 2000 taxes. Therefore, Reynoso sought a total refund of $612,197, which included the $117,527 overpayment.

## B. PROCEDURAL HISTORY

On January 8, 2010, Reynoso filed suit to recover the asserted overpayments totaling $612,197, including the $117,527 overpayment. Reynoso filed a motion for summary judgment, and the Government also moved for summary judgment asserting that Reynoso's requested refund should be reduced by $117,527. The Government admitted that Reynoso was entitled to a refund amount requested except for the $117,527 overpayment. The IRS argued that the $117,527 overpayment in 1999, which was credited to the 2000 tax

year, was time-barred because it related to payments made before the look-back period under § 6511(b)(2)(A).

The district court held that the $117,527 was time-barred by § 6511(b)(2)(A). Reynoso made payments totaling $245,000 toward his 1999 taxes in April 1999 and 2000, which generated the $117,527 overpayment. On his 1999 tax return filed on December 5, 2007, Reynoso requested that the $117,527 overpayment be applied from his 1999 tax account to his 2000 tax account. Citing Treasury Regulation § 301.6402-3(a)(1), the district court held that this constituted a claim for credit. *See* Treas. Reg. § 301.6402-3(a)(1). "Therefore, [Reynoso] filed the claim for credit more than seven years after making the overpayment, and, as such, the claim for credit is clearly untimely under section 6511."

Reynoso conceded that recovery would be barred by § 6511, if the IRS did not actually credit the $117,527 sometime between February 6, 2009 and April 6, 2009. However, Reynoso argued that, because the IRS made the credit, the claim for refund in 2009 was timely. The district court rejected the argument. The district court noted that "the relevant claim [was] not Reynoso's 2009 claim for a refund, but rather his 2007 claim for a credit." The district court held that the IRS had no authority to make the credit, because the claim for credit was time-barred. Further, citing *United States v. Brockamp*, 519 U.S. 347, 352 (1997), the district court stated that "[t]he IRS's mistake d[id] not create an equitable exception to the strict time limits of section 6511." Thus, the district court held that Reynoso's 2007 claim for credit was untimely, and Reynoso "is barred from recovering $117,527 of his overpayment."

On January 19, 2011, the district court entered judgment awarding Reynoso a total of $657,319. The award included $75,852 for the 1999 tax overpayment resulting from application of the cash bond, $239,591 for the 2000 tax overpayment resulting from application of the cash bond, $179,227 for the

unapplied cash bond, and $162,649 in interest. The district court did not award the $117,527 overpayment related to Reynoso's 1999 tax year. Reynoso filed a timely notice of appeal. The only issue appealed is the denial of the $117,527 overpayment.

## II. JURISDICTION AND STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1291, we are authorized to review the district court's decision. We review the district court's determination that it lacked subject matter jurisdiction de novo. *Fed. Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 635 (9th Cir. 1989). Furthermore, we "review *de novo* both the district court's summary judgment and its interpretation of the Internal Revenue Code." *Aloe Vera of Am., Inc. v. United States*, 580 F.3d 867, 870 (9th Cir. 2009).

## III. DISCUSSION

This case turns on the applicability and application of § 6511 and other related sections of the Code. Section 6511 limits the extent to which an overpayment may be credited or refunded. Section 6511(a) provides a time limit in which claims for a credit or refund of an overpayment must be filed. However, even if a taxpayer files a claim in accordance with § 6511(a), § 6511(b) limits the amount that may be credited or refunded based on when the taxpayer made the overpayment as compared to when the taxpayer filed the return. Reynoso's claim for credit and claim for refund must comply with both subsections in order for him to be entitled to relief.

### A. Period of Limitation on Filing Claim for Credit or Refund

[1] Section 6511 establishes the applicable limitations period for filing claims for tax credits or refunds related to tax overpayments. First, under § 6511(a), a "[c]laim for credit or refund of an overpayment of any tax . . . shall be filed by the

taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . ." I.R.C. § 6511(a). "In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return." Treas. Reg. § 301.6402-3(a)(1); *id.* at (a)(5) ("A properly executed individual . . . income tax return or an amended return . . . shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 . . . .").

**[2]** Here, Reynoso's claim for credit of his $117,527 overpayment of his 1999 tax liability, and the subsequent claim for refund for the same amount, complied with § 6511(a). Reynoso filed his 1999 tax return in 2007 and filed his 2000 tax return in 2008. The 1999 return constituted a claim for credit, because it specified that the $117,527 overpayment should be applied to his 2000 estimated tax. *See* Treas. Reg. § 301.6402-3(a)(1), (5). Similarly, the refund requested in his 2000 return constituted a claim for refund. *See id.* Both the claim for credit in Reynoso's 1999 tax return and the subsequent claim for refund in his 2000 tax year were made within § 6511(a)'s three-year time requirement, because the claims for credit and refund were filed concurrently with the tax returns for those years. Further, even if Reynoso's April 23, 2009 letter to the IRS claiming a refund were to be deemed the claim for refund, it too was filed within three years from the date Reynoso's tax returns for 1999 and 2000 were filed. Therefore, Reynoso's claim for credit of the $117,527 overpayment and the subsequent claim for refund complied with § 6511(a).

**B.  Look-Back Period: Limit on Amount of Credit or Refund**

While Reynoso's claim for credit and subsequent claim for refund satisfied § 6511(a), his claim for credit did not satisfy the additional limitation in § 6511(b)(2)(A).

**[3]** Section 6511(b)(2)(A) limits the amount of a claimed credit or refund of an overpayment. *Chemical Bank N.Y. Trust Co. v. United States*, 275 F. Supp. 26, 31 (S.D.N.Y.), *aff'd*, 386 F.2d 995 (2d Cir. 1967) (per curiam); *see Burr v. Comm'r*, T.C. Memo 2002-69, at *3 (2002). In pertinent part, § 6511(b)(2)(A) states: "[T]he amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." Thus, "[§ ] 6511(b)(2)(A) provides that a claim for credit for an overpayment of tax may not be asserted for an overpayment which was paid more than 3 years [plus any allowed extension time] prior to the claim." *Chemical Bank*, 275 F. Supp. at 31.

**[4]** Section 6513(b)(2) establishes the date overpayments are deemed paid for purposes of § 6511(b)(2)(A). *Baral v. United States*, 528 U.S. 431, 432, 435-36 (2000); *Harrigill v. United States*, 410 F.3d 786, 789 (5th Cir. 2005) ("For the purposes of § 6511(b)(2)(A), a payment of estimated tax is deemed to have been made on the due date of the tax return for that year." (citing I.R.C. § 6513(b)). Section 6513(b)(2) states: "For purposes of section 6511 . . . , [a]ny amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return)." *Accord Chemical Bank*, 275 F. Supp. at 31. Generally, "[i]n the case of returns under section 6012, . . . returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year . . . ." I.R.C. § 6072(a). Therefore, under § 6513(b)(2), Reynoso's payments of estimated tax leading to his $117,527 overpayment for his 1999 tax year are deemed paid on April 15, 2000.

**[5]** Here, because Reynoso's $117,527 overpayment is deemed paid in 2000, his claim for credit in his 1999 tax

return filed December 5, 2007 clearly falls outside of
§ 6511(b)(2)(A)'s look-back period, and thus, his claim for
credit was time-barred. Reynoso originally obtained a four-
month extension to file his 1999 tax return. Therefore, Reyno-
so's 1999 tax return filed on December 5, 2007 constituted his
claim for credit of the $117,527 overpayment, the $117,527
overpayment must have been paid by August 5, 2004 (three
years and four months prior to Reynoso's 1999 tax return).
*See* I.R.C. § 6511(b)(2)(A). Because Reynoso's payments
leading to the $117,527 overpayment of his 1999 taxes were
deemed paid on April 15, 2000 pursuant to § 6513(b)(2),
Reynoso's overpayment was paid over four years before the
outer limit of § 6511(b)(2)(A)'s look-back provision.

> 1. *Section 6513(d) Does Not Apply, But Even If It Did,*
> *§ 6511(b)(2)(A) Still Bars Reynoso's Claim of Credit*

**[6]** Section 6513(d)[3] does not change the outcome. First,
§ 6513(d) does not apply when "the claim for credit [has not]
been asserted within the period fixed by [§ 6511(b)(2)(A)]."[4]

---

[3]Section 6513(d) states the following:

**(d) Overpayment of income tax credited to estimated tax**

If any overpayment of income tax is, in accordance with section
6402(b), claimed as a credit against estimated tax for the suc-
ceeding taxable year, such amount shall be considered as a pay-
ment of the income tax for the succeeding taxable year (whether
or not claimed as a credit in the return of estimated tax for such
succeeding taxable year), and no claim for credit or refund of
such overpayment shall be allowed for the taxable year in which
the overpayment arises.

[4]The Government argued to the district court that Reynoso's 1999 over-
payment was deemed paid on April 15, 2000, pursuant to § 6513(b). The
district court concluded that the deemed paid date should be April 15,
2001, pursuant to subsections (b) and (d) of § 6513. The district court
made this determination based on the Government's assertion that "Plain-
tiff's claim for a refund of the estimated tax payment of $117,527 is time-
barred." Thus, the district court made its finding based on the allegation
(and assumption) that the $117,527 was an estimated tax payment for
2000.

*Chemical Bank*, 275 F. Supp. at 31. Section 6513(d) requires "any overpayment . . . claimed as a credit against estimated tax for the succeeding taxable year" to be "in accordance with section 6402(b) . . . ."

**[7]** Section 6402(a) allows, "[i]n the case of any overpayment, the Secretary, *within the applicable period of limitations*, [to] credit the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment . . . ." I.R.C. § 6402(a) (emphasis added). Further, "[t]he Secretary is authorized to prescribe regulations providing for the crediting against the estimated income tax for any taxable year of the amount determined by the taxpayer or the Secretary to be an overpayment of the income tax for a preceding taxable year." I.R.C. § 6402(b). Treasury Regulation 301.6402-2(a)(1) states that

> [c]redits . . . of overpayments may not be allowed or made after the expiration of the statutory period of limitation properly applicable *unless, before the expiration of such period, a claim therefor has been filed by the taxpayer*. Furthermore, under section 7422, a civil action for refund may not be instituted *unless a claim has been filed within the properly applicable period of limitation*.

(emphasis added). These statutory and regulatory provisions "make[ ] it clear that an overpayment may not be credited

The district court subsequently recognized that the real dispute relates to the claim for credit, and it found that the IRS had no authority to make the transfer of the $117,527 as an estimated tax payment for the 2000 tax year. Therefore, the district court did not hold that Reynoso's overpayments were deemed paid on April 15, 2001, pursuant to subsections (b) and (d) of § 6513, for purposes of deciding whether a claim for credit was valid.

against estimated tax for the following year and be deemed to have been paid in the following year for the purpose of the statute of limitations unless the claim for credit itself is asserted within the statutory period." *Chemical Bank*, 275 F. Supp. at 31. Therefore, § 6402(b) and the applicable treasury regulations require a claim for credit be made within the look-back period of § 6511(b)(2)(A). A claim for credit asserted outside the look-back period is invalid for purposes of § 6402(b). As such, § 6513(d) does not apply here, because Reynoso's claim for credit occurred approximately seven years after the overpayment was sought to be credited. "Any other result would lead to a complete emasculation of the statute of limitations." *Chemical Bank*, 275 F. Supp. at 31.

Notwithstanding, even assuming that § 6513(d) applied, Reynoso's overpayment would be deemed paid on April 15, 2001, approximately three years before Reynoso's overpayment had to be paid pursuant to § 6511(b)(2)(A). Therefore, Reynoso's payments would still be deemed paid well before the applicable look-back period in § 6511(b)(2)(A).

> 2. *Section 7422(d) Does Not Establish the Date An Overpayment is Deemed Paid for Purposes of § 6511(b)(2)(A)*

Reynoso argues that, because the IRS allowed his $117,527 credit in 2009, it was deemed paid in 2009 pursuant to § 7422(d) and within § 6511(b)(2)(A)'s look-back period. The argument fails, because § 7422(d) does not apply as Reynoso suggests.

**[8]** Section 7422(d) does not establish a "deemed paid" date for purposes of § 6511. A taxpayer must have paid his taxes in full before bringing a claim for refund. *See Flora v. United States*, 357 U.S. 63, 68-69 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960); *see also Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985). Section 7422(d) states: "The credit of an overpayment of any tax in satisfaction of any tax liabil-

ity shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability at the time such credit is allowed." Based on the text of the statute and the rule that taxes must be paid in full before commencing a suit for refund, § 7422(d) deals only with the question of when a credit of an overpayment will be treated as a payment for purposes of being able to bring a suit for refund. Under § 7422(d), if a taxpayer requests a credit of an overpayment, but brings suit before that credit is allowed, that credit is not considered a payment and thus the suit is barred; it is only after the credit is allowed that the credit is considered a payment, and the taxpayer considered to have paid his taxes in full, and the suit allowed to go forward. This reading of § 7422(d) is supported by the subsection heading, "Credit treated as payment."

The difference in the text of §§ 6513(b)(2) and 7422(d) supports this interpretation. Section 7422(d) uses the language, "be deemed to be a payment," while § 6513(b)(2) uses the language, "be deemed to have been paid on." Section 6513(b)(2) establishes a "deemed paid date" for purposes of § 6511, while § 7422(d) simply establishes that an allowed credit is deemed to be a payment of the tax liability for purposes of a suit for a refund.

The Fifth Circuit assists us in understanding the interaction between §§ 6513 and 7422 and their applicability. *See Harrigill*, 410 F.3d 786. In *Harrigill*, Harrigill overpaid her 1994 taxes but did not file timely tax returns for 1994 or 1995. *Id.* at 787-88. She did, however, file the necessary applications for a six-month extension for her 1994 and 1995 tax returns. *Id.* She filed her 1994 tax return on September 18, 1998, approximately three years and five months after the ordinary due date for a 1994 tax return. *Id.* at 787. In her 1994 tax return, she indicated that the 1994 overpayment should be applied to her estimated tax for 1995. *Id.* The IRS allowed the credit (which was not challenged), presumably because the claim for credit was made within the look-back period

allowed in § 6511(b)(2)(A) (three years and six months in that case). *See id.* at 787-88.

Subsequently, in Harrigill's 1995 tax return (filed on December 4, 2000), she applied the 1995 overpayment to her 1996 estimated taxes. *Id.* at 788. The IRS denied the request citing § 6511(b)(2)(A). *Id. Harrigill* held the claim for credit untimely, because the 1994 overpayment applied to the 1995 tax year was deemed paid for purposes of § 6511(b)(2)(A) on the due date for the 1995 tax return—i.e., April 15, 1996.[5] *Id.* at 792. Notably, *Harrigill* did not deem the payment made the date the credit was allowed. *See id.* at 789-92.

**[9]** Based on *Harrigill* and based on a plain reading of §§ 6511, 6513, and 7422, for purposes of § 6511, the date the credit is allowed is not the date the tax is deemed paid when a claim for credit is made against estimated tax for a succeeding tax year. *See Hui v. Castaneda*, 130 S. Ct. 1845, 1855 (2010) ("We are required . . . to read [a] statute according to its text. . . ."). Instead, § 6513 governs what constitutes the payment date of payments for estimated tax and credits toward estimated tax for a succeeding year. I.R.C. § 6513(b)(2), (d); *see also Baral*, 528 U.S. at 435-36.

Moreover, even if § 7422(d)'s language (that a credit of an overpayment is "deemed to be a payment" at the time the credit is allowed) is somehow read as establishing a "deemed paid date" when the credit is allowed, Reynoso's credit was time-barred from being allowed in the first place. Thus, the IRS lacked authority to effectuate the credit. In fact, § 7422(a) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any [overpayment] . . . until a claim for refund or credit has been duly filed with the Secre-

---

[5]Section § 6513(d) would apply to designate the deemed paid date, because the taxpayer in *Harrigill* made the claim for credit within § 6511(b)(2)(A)'s look-back period (based on a deemed paid date under § 6513(b)(2)).

tary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." *Accord* Treas. Reg. § 301.6402-2(a)(1) ("[U]nder section 7422, a civil action for refund may not be instituted unless a claim has been filed within the properly applicable period of limitation.").

"Section 6402 governs the circumstances in which an overpayment in one year may be treated as a payment of tax for the succeeding year . . . ." *Burr*, T.C. Memo 2002-69, at *3. "[S]ection 6402 and the regulations thereunder condition this treatment on a claim for a credit of the preceding year's overpayment that is made within the applicable period of limitations." *Id.* "Accordingly, under section 6402, [the IRS] did not have authority to award [Reynoso the $117,527] credit . . . ." *See id.*

**[10]** In sum, based on the distinction between §§ 6513 and 7422,[6] § 7422(d) does not save Reynoso's claim for the $117,527 overpayment from being time-barred. Reynoso sought to credit the $117,527 overpayment against his estimated 2000 tax liability. Therefore, § 6513(b) applies in determining when the overpayments were deemed paid for purposes of § 6511(b)(2)(A). Specifically, § 6513(b)(2) deems Reynoso's payments "paid" on April 15, 2000, in order to determine if Reynoso claimed a credit within the § 6511(b)(2)(A) look-back period. Under the look-back period (three years plus any allowed extension time), Reynoso's claim for credit was time-barred.

---

[6]Our distinction between §§ 6513 and 7422 exists based on a textual reading and allows each section to exist without conflict. *See Arkansas v. Farm Credit Servs. of Cent. Ark.,* 520 U.S. 821, 827 (1997) (noting that it is a "basic principle that statutory language is to be enforced according to its terms"); *La. Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 370 (1986) ("[W]here possible, provisions of a statute should be read so as not to create a conflict.").

### 3. *The Limitations of § 6511 Cannot Be Waived and a Credit Made In Violation of § 6511(b)(2)(A) Cannot Support A Subsequent Claim of Refund*

Reynoso next argues that, even if the IRS lacked authority, the credit transfer cannot be ignored, because (1) the Government and taxpayers are held to the same standard; (2) the Government's act of making the transfer waives any alleged lack of authority; and (3) case law supports not ignoring the credit transfer. We disagree.

**[11]** Reynoso's first and second arguments for why the credit transfer cannot be ignored fail, because the filing of a timely refund claim is jurisdictional and cannot be waived. *N. Life Ins. Co. v. United States*, 685 F.2d 277, 279 (9th Cir. 1982); *see Ertman v. United States*, 165 F.3d 204, 206 (2d Cir. 1999). Specifically, § 6511(b)(2)(A) is jurisdictional in nature and cannot be waived. *Zeier v. U.S. I.R.S.*, 80 F.3d 1360, 1364 (9th Cir. 1996). In *Northern Life*, the IRS executed an agreement with the taxpayer to extend the time the taxpayer could claim a refund. 685 F.2d at 279. The taxpayer argued that "the IRS either waived the statute of limitations or [was] estopped from asserting it." *Id.* We rejected the waiver argument, holding that "[t]he filing of a timely claim is jurisdictional for a refund suit and cannot be waived." *Id.*

**[12]** Similar to *Northern Life*, this case involves the IRS acting contrary to the Code's specific requirements. The IRS allowed Reynoso's claim for credit even though the Code expressly prohibited the credit. Therefore, in this case, the IRS's mistaken allowance of Reynoso's credit does not validate the credit and allow Reynoso to rely on § 7422(d) to assert that the claimed credit was somehow timely. Reynoso cannot use a time-barred tax credit to validate a subsequent, and otherwise time-barred, claim for refund.[7]

---

[7] Reynoso "concedes that recovery would be barred by section 6511 if the transfer never occurred."

Moreover, the Supreme Court has explicitly stated that courts are not to create equitable exceptions to the limitations in § 6511. *United States v. Brockamp*, 519 U.S. 347, 352 (1997). Thus, Reynoso should not receive special exception to § 6511's limitations based on equitable principles.

[13] Lastly, Reynoso argues that the mistaken credit cannot be ignored, because cases have held that an erroneous refund or credit reduces a taxpayer's liability. The cases cited stand for the proposition that an erroneous refund or credit does not revive a previously extinguished tax liability. *See, e.g.*, *Bilzerian v. United States*, 86 F.3d 1067, 1069 (11th Cir. 1996) (per curiam); *O'Bryant v. United States*, 49 F.3d 340, 346-47 (7th Cir. 1995); *Kelley v. United States*, 30 F.2d 193 (9th Cir. 1929). In other words, the IRS may not ignore a tax payment that extinguishes a tax liability simply because the IRS subsequently makes an erroneous refund. In the cases cited by Reynoso, the courts have not held that erroneous refunds are uncollectible, but rather that the IRS must use the erroneous refund procedures to collect. *See, e.g.*, *O'Bryant*, 49 F.3d at 346-47. Even assuming Reynoso correctly interprets these cases as standing for the proposition that an erroneous credit cannot be ignored, none of the cases involved an erroneous refund or credit made after the statute of limitations had run. Thus, none of the cases held that the jurisdictional requirement of a timely claim could be waived by a mistake.

## IV. CONCLUSION

[14] Because Reynoso overpaid his 1999 taxes well outside of § 6511(b)(2)(A)'s look-back period, his claim for credit was barred. Thus, Reynoso's subsequent claim for refund based on the barred claimed credit was invalid and uncollectible.

**AFFIRMED.**