**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUANITA M. SMALLWOOD, | No. 13-55304 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-00023-VAP-DTB |
| v. | |
| UNITED STATES GOVERNMENT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted June 3, 2015
Pasadena, California

Before:  FISHER and BYBEE, Circuit Judges and FOOTE,[**] District Judge.

Plaintiff-appellant Juanita M. Smallwood appeals the district court's grant of

summary judgment in favor of the United States, wherein the district court found

that Smallwood was not entitled to a refund for the taxes that she paid on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

settlement proceeds she received in 2004 in connection with a state court action against the California Department of Corrections ("CDC") and two of its employees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review <u>de novo</u> the district court's grant of summary judgment and its interpretation of the Internal Revenue Code. <u>Reynoso v. United States</u>, 692 F.3d 973, 977 (9th Cir. 2012).

We agree with the district court's determination that there is a genuine factual dispute as to what dollar amount, if any, of the settlement proceeds from the CDC was intended to compensate Smallwood for her physical injuries or physical sickness. Under 26 U.S.C. § 104(a)(2), Smallwood would be entitled to exclude from her gross income for 2004 the portion of the settlement proceeds that was paid to her with the intent of compensating her for physical injuries or physical sickness. 26 U.S.C. § 104(a)(2) (explaining "gross income does not include . . . the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness"); <u>see</u> <u>Rivera v. Baker W., Inc.</u>, 430 F.3d 1253, 1256-57 (9th Cir. 2005).

Nevertheless, instead of making a factual determination regarding what dollar amount of the settlement proceeds was attributable to Smallwood's physical

2

injuries or physical sickness within the meaning of § 104(a)(2) and therefore excludable from gross income, the district court erroneously found that Smallwood had failed to establish that she was entitled to any refund as a matter of law. The district court reasoned that because Smallwood failed to report her attorney's fees and litigation expenses as part of her gross income for 2004, any potential refund must be offset by including all of those fees and expenses in her gross income and overall tax burden for that year. However, the district court's conclusion was in error for two reasons. First, the district court incorrectly calculated what portion of the settlement proceeds would need to be attributable to Smallwood's physical injuries or physical sickness in order for her to receive a tax refund for 2004. As the government explains on appeal, "if the court were to determine that a certain percentage of the settlement proceeds was paid on account of physical injury, that percentage would apply to the entire $995,000 settlement, including the amount retained by the attorney." Second, the district court erred by failing to consider whether Smallwood would be entitled to any deductions for her attorney's fees and litigation costs relating to the underlying state court settlement, which may have reduced her overall tax burden for 2004. Again, as the government explains on appeal, "any taxable component of the award would generate a (potential) deduction for the corresponding portion of the attorney's fee." Certainly, once

3

these errors are resolved, there may be other factual and legal determinations that need to be made by the district court in order to ascertain whether Smallwood is entitled to a refund.

In light of these errors, we vacate and remand to the district court for further proceedings.

Costs of appeal are awarded to Smallwood.

**VACATED AND REMANDED**.