**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM S. SMITH, Jr., also named as William S Smith; SUE K. SMITH, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES INTERNAL REVENUE SERVICE, named as Internal Revenue Service, <br><br> Defendant-Appellee. | No. 16-15820 <br><br> D.C. No. 3:14-cv-08155-SPL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

William S. Smith, Jr., and Sue K. Smith appeal pro se from the district

court's summary judgment in their tax refund action. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Reynoso v. United States*, 692 F.3d 973,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

977 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment because the Smiths failed to raise a genuine dispute of material fact as to whether they are entitled to a refund for the 2009 tax year. *See United States v. Janis*, 428 U.S. 433, 440 (1976) (taxpayer bears burden of proving amount he or she is entitled to recover); *Vukasovich, Inc. v. Comm'r*, 790 F.2d 1409, 1414-15 (9th Cir. 1986) (explaining that Congress intended to "to tax all gains except those specifically exempted" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in admitting into evidence the computerized records of the Internal Revenue Service ("IRS"). *See Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992) (setting forth standard of review and holding that IRS documents certified under seal are self-authenticating under Federal Rule of Evidence 902(1)).

We reject as without merit the Smiths' argument that the district court erred in relying on the IRS's statement of facts supporting summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendant's motion for sanctions (Docket Entry No. 11) is denied.

**AFFIRMED.**

2                                                                          16-15820